**Wheeling.**

CALLAGHAN'S ADM'R *v.* CIRCLE.

CIRCLE'S EX'OR *v.* CALLAGHAN'S ADM'R.

ALPHIN *v.* CIRCLE'S EX'R AND HEIRS *et al.*

Decided March 30, 1878.

1878.
Special Term. A bill is brought to enforce a vendor's lien, and a decree is rendered to sell the land to pay the balance of the purchase money found due. A sale is made and the report of the sale excepted to, and before the same is acted upon the vendor dies, and a petition for a rehearing of the first decree is filed by the executor of the vendor. A judgment creditor then filed a creditor's bill to subject the same land and all the deceased vendor's other estate to pay his debts. The executor, widow and heirs are made parties to the last suit, but the first suit is never revived against them. The causes then came on by consent to be heard together, and a decree is rendered in them overruling the exceptions to the report of the sale of the land and confirming the same and dismissing the petition for a rehearing; the plaintiff in the last suit appeals from this decree. HELD.

1. He has a right to so appeal though he was no party to the suit in which the sale was made.

2. This decree having been entered without reviving the first cause against the heirs of the vendor it should be reversed, and the cause remanded for further proceedings when matured.

3. This court in such a case should express no opinion on the merits of the controversy, they not having been acted on by the circuit court in a manner binding on all parties.

An appeal from a decree of the circuit court of Green-
brier county, rendered on the 22d day of June, 1876, in
three causes, in said court then pending, which were heard together; in the first of which John Callaghan's admin-
istrator, was plaintiff and Daniel Circle was defendant; in the second Daniel Circle's executor was plaintiff and John Callaghan's administrator was defendant; and Alphin
v.
Circle's executor
and heirs *et al.* in the third George Alphin was plaintiff, and Daniel Circle's executor; and others were defendants, granted on the petition of George Alphin, David O. Kelly and T. G. Putnam.

Alexander F. Mathews Esq., as special judge, rendered the decree complained of.

GREEN, PRESIDENT, furnishes the following statement of the case:

Thomas D. Callaghan, administrator with the will annexed of John Callaghan, filed his bill in the circuit court of Nicholas county, at September rules, 1866, against Daniel Circle, to enforce a vendor's lien of $875.00, with interest from May 25, 1858, against a tract of land of five hundred and eighty-five acres in said county. The bill being taken for confessed, the court at October term, 1866, rendered a decree against D. Circle for the amount claimed, less $135.00 admitted to have been paid when the bond fell due; and if same was not paid in ninety days, ordered the sale of the land on prescribed terms, by Joseph A. Alderson, commissioner. At the next term of court D. Circle filed his answer, claiming that he was entitled to another credit of $100.00, as of date February 8, 1858; and that in 1857, a suit was instituted in the circuit court of Nicholas county, by T. R. Witherhead and wife, against John Callaghan, involving the title to about forty acres of said land. That many years after, D. Circle was made a defendant to this suit; and that this forty acres claimed in this suit is

1878. Special Term.

Callaghan's administrator v. Circle.

Circle's ex'or v. Callaghan's administrator.

Alphin v. Circle's executor and heirs et al.

worth $1,000.00; and he claims this as set-off to what he owes on the purchase of the five hundred and eighty-five acre tract. The commissioner, Joseph A. Alderson, under the decree made for the sale of this land before this answer was filed sold said land on November 7, 1870, for $1,350.00, the plaintiff in this suit being the purchaser. But on the day of sale an injunction to prevent it was awarded to D. Circle on his bill against Thomas D. Callaghan, administrator of John Callaghan, and though the injunction was executed that day, the process was not served on the commissioner of sale, Alderson. The bill alleges the facts stated in Circle's answer. The reports of the sale of this land by Alderson, commissioner, were excepted to, first by D. Circle and afterwards by his heirs and executor on various grounds, and among them gross inadequacy of price which was endeavored to be sustained by several affidavits. John Callaghan, administrator, files an answer to the bill of injunction, insisting that the defense to his suit set up by answer and bill of D. Circle, ought to have been made before the first decree was rendered; says he is ignorant of the facts alleged, and calls for proof. An order of survey was made in this injunction suit, and the death of D. Circle, suggested at the March term, 1875, and cause revived by consent in name of John R. Circle, executor of D. Circle. But no suggestion of his death was made in the suit of Callaghan, administrator, against him, nor was this cause ever revived.

On December 13, 1874, George Alphin on behalf of himself and all other creditors of D. Circle, deceased, instituted a chancery suit in said court, against the executor, widow and heirs of D. Circle, deceased, and others, including Thomas D. Callaghan administrator of John Callaghan, D. O. Kelly and T. G. Putman, judgment creditors of D. Circle. This suit is based on a judgment against D. Circle for $2,041.00, with interest from August 6, 1873, and 20.55, costs rendered by the circuit court Nicholas county. Thomas D. Callaghan filed an answer claim-

1878.
Special Term.

Callaghon's administaator
v.
Circle.

Circle's ex'or
v.
Callanhan's administrator.

Aldhin
v.
Circle's executor
and heirs et al.

ing his vendor's lien on said land, but neither bill nor answer refers to the pending suit brought by *John Callaghan's adm'r* v. *D. Circle*, above stated. An answer was filed for the infant defendants, children of D. Circle, by their guardian *ad litem*. This cause having matured, the cause was referred to James S. Craig, commissioner, to make a settlement of the accounts of the executor of D. Circle, to ascertain the debts and priorities, and the real and personal estate of D. Circle ; and three commissioners appointed to lay off the dower of the widow. The commissioners reported that the balance in the hands of the executor of D. Circle, was $155.11 ; that the debts of the estate were $4,475.70; that besides this five hundred and eighty-five acres of land, D. Circle owned a tract of two hundred and twenty-nine and one-half acres in said county. It reported the debt due to John Callaghan's administrator to be $638.00, with interest from May 28, 1858, allowing the credit of $100.00 of February 8, 1858, claimed and not formerly allowed, and stated that it was further subject to a credit for the amount and value of land D. Circle had lost in said suit of T. R. Witherhead, which amount of credit commissioner had not the means of then reporting, and he also reported the amount and priorities of all the debts. Two of the commissioners to lay off the dower report that they had done so and they return map of the five hundred and eighty-five acres, and also map of two parcels of twenty-one acres each which had been recovered by McClung and Witherhead. At the August term of 1875, of Nicholas county circuit court these three causes were transferred by a consent order to the circuit court of Greenbrier, and on October 22, 1875, these three causes were docketed in the circuit court of Greenbrier. And the judge of that court being so situated, that he could not properly try them, Alexander F. Mathews was appointed by the counsel of the parties by writing under their hands to preside at the trial of these causes, and he took the oaths prescribed by law.

1878.
Special Term.

Callaghan's administrator
v.
Circle.

Circle's ex'or
v.
Callaghan's administrator.

Alphin
v.
Circle's executor and heirs *et al.*

A petition for a re-hearing of the cause of Thomas D. Callaghan, administrator of John Callaghan v D. Circle, was then filed though his death had never been in that cause suggested and though it had never been revived. This petition set forth all the facts and all the proceedings in said three causes above stated and the further fact that at the November term, 1871, in the said suit of Witherhead and wife v. Callaghan's heirs, &c., the court decreed that Witherhead and wife were entitled to forty acres of said five hundred and eighty-five acre tract, and ordered it to be laid off to them, but this decree was subsequently, by a consent decree entered on March 6, 1875, set aside and bill dismissed, the decree reciting that the controversy had been adjusted between the parties. Copies of these decrees were filed, and the petition alleges that D. Circle never had possession of these forty acres. The prayer is for a rehearing of this cause, and the decree ordering the sale of said land set aside; that the sale made by commissioner Alderson might be declared null; that the debt due from D. Circle for purchase of said land might be declared fully satisfied, and for general relief. On June 22, 1876, these three causes came on by consent to be heard together, and the court overruled all the exceptions to commissioner Alderson's report, and confirmed the sale made by him, dismissed the bill of D. Circle's ex'or v. John Callaghan's adm'r, at plaintiff's cost, and dissolved the injunction, and also the petition for a rehearing aforesaid. A commissioner was appointed to convey the said land to the purchaser, Thomas D. Callaghan, unless the heirs of D. Circle elect in one year to take the land off his hands, which they are authorized to do. And the cause of Alphin v. D. Circle's ex'or, and heirs, &c., was recommitted to commissioner Withrow to ascertain whether there is any other fund out of which D. Circle's debts may be paid, and also to audit other debts. From this decree D. Circle's executor took an appeal, which he afterwards dismissed, and thereupon George Alphin,

David O. Kelley and T. G. Putnam, creditors of D. Circle, deceased, and parties to said third suit, applied to this court for an appeal from said decree, which was awarded therein.

*J. W. Davis* and *A. C. Snyder*, for appellants, referred to the following authorities:

9 Wis. 305; 1 Md. Ch. 328; 9 Paige 290; 62 Barb. 280; 9 W. Va. 492; 4 Houst. 452; 32 Ind. 380; 6 Bush. 65; 4 Dana 15; 5 Leigh 370; 4 W. Va. 600; 68 Ill. 115; 10 Bosw. 587; 2 Gratt. 44, 72; 29 N. Y. 338; Code, ch. 125, §53 p. 607; 6 Gratt. 78; 9 Gratt. 389; 5 Leigh 606; *Id.* 39; 7 Gratt. 399; 3 Munf. 317; 5 W. Va. 285; 3 Rand. 394; Big. on Estop. 361; 1 Gray, 195.

*Samuel Price*, for appellees, cited the following authorities:

Story's Eq. Pl. §421; 9 Gratt. 379; 2 Woodbury & Minot 168; 3 Story 299; 5 Leigh 649; 4 Gratt. 147; 9 Gratt. 40.

GREEN, PRESIDENT, delivered the opinion of the Court:

The first question presented by the record is, have the appellants, creditors of Daniel Circle, and parties to the last of the three suits, that of Alphin *v.* Circle's ex'or and others, but not parties to either of the other two suits, any right to appeal from this decree of June 22, 1876, entered in the three suits which were heard together but not consolidated? The cases of *Kyle's ex'or* v. *Kyle,* 1 Gratt. 526, and *Hill et ux.* v. *Proctor,* 10 W. Va. 59, show that there are cases in which an appeal may be taken from a decree entered in two cases which have been heard together, by a party to one of the suits, though he was no party to the other suit, and that on such an appeal in some cases, the whole of the decree is

*[margin: 1878. Special Term. Callaghan's administrator v. Circle. Circle's ex'or v. Callaghan's administrator. Alphin v. Circle's executor and heirs et al. Syllabus 1]*

1878.
Special Term.

Callaghan's administrator
v.
Circle.

Circle's ex'or
v.
Callaghan's administrator.

Alphin
v.
Circle's executor and heirs *et al.*

properly before this court for review. But in these cases the subject matter of controversy was the same in each of the suits. This was not the case in the three suits heard together in the decree before this Court for review, and the question presents itself, whether this identity of the subject matter of controversy is essential to give this Court the right to review the whole decree, as is asked in this case, when an appeal is taken by a party to only one of the suits.

The cases of *Anderson et al.* v. *DeSoer,* and *the same* v. *Gallegoe's adm'r et al.,* 6 Gratt. 363, throw much light on this question. In those cases, on July 24, 1819, DeSoer instituted a suit in equity against Grivegnee, a non-resident, attaching certain debts and effects in the hands of Gallegoe's ex'ors, the home defendants, belonging to Grivegnee; more than two years afterwards, Anderson, Blair & Anderson, instituted a chancery suit in the same court, claiming that these debts and effects belonging to Grivegnee, in the hands of Gallegoe's ex'ors had, for a valuable consideration, been equitably assigned to them by Grivegnee on the 20th day of July, 1819. This bill makes no allusion to the previous attachment suit of DeSoer, which attached the same effects; nor did the bill of DeSoer make any allusion to the assignment to Anderson, Blair & Anderson; nor were the plaintiffs in either of these suits made defendants in the other. These causes were heard together, and in February, 1841, the court rendered a decree against Grivegnee in favor of each of the plaintiffs, for their debts respectively, and made a decree against the representatives of Gallegoe's ex'ors, giving to the plaintiffs respectively, their ratable proportion of the fund in their hands belonging to Grivegnee. On an appeal by Anderson, Blair & Anderson from this decree, which was entered in the two suits, they being heard together, the court was of the opinion, that to the extent of the equitable assignment to Anderson, Blair & Anderson, they had priority of claim, and said decree, so far as it directed a

ratable division of the funds in the hands of the representatives of Gallegoc's executors, was reversed. Judge Allen in delivering the opinion of the court says : "That as the decree in this cause, though pronounced in different cases, was a decree disposing of the subject to which conflicting claims were set up, and so far as the attaching creditors were concerned, the jurisdiction attached in consequence of the subject being under the control of the court where by a decree rendered in all the cases the subject is disposed of, any of the parties injured by such disposition of the subject, have a right to appeal from the decrees ; and such appeal brings up the whole decree disposing of the subject for revision, to which all the other claimants interested in such disposition, though their claims have been asserted by distinct bills, are parties." This decision is based on a much broader ground than that of *Kyle* v. *Kyle*, 1 Gratt., and seems to establish the position that if several suits are brought for the same subject matter or to charge the same subject matter with several debts or claims and these suits being in the same court are heard together and a decree is rendered disposing of the subject matter, any of the plaintiffs in the several suits claiming the subject matter or a right to subject it to the payment of his debt, has a right to take an appeal from such decree, though neither plaintiff was a defendant in the other suit ; and that such appeal brings up the whole decree for revision. The case before us falls within this principle. The plaintiff in the case of John Callaghan's adm'r *v.* Daniel Circle's ex'or and heirs, sought to subject the five hundred and eighty-five acre tract to the payment of the unpaid purchase money as a vendor's lien thereon. The plaintiff in the last suit, George Alphin *v.* Daniel Circle's ex'or *et al.*, sought to subject this same tract of land to the payment of a judgment lien held by the plaintiff. The decree appealed from was a decree in these two causes and a third which were heard together and it disposes of this five hundred and eighty-five acres of land,

*1878.*
Special Term,

Callaghan's ad-
ministrator
v.
Circle.

Circle's ex'or
v.
Callaghan's ad-
ministrtor.

Alphin
v.
Circle's executor
and heirs *et al.*

1878.
Special Term.

Callaghan's ad-
ministrator
v.
Circle.

Cirele's ex'or
v.
Callaghan's ad-
ministrator.

Alphia
v.
Circle's executor
and heirs et al.
Syllabus 3

Syllabus 2

and therefore the plaintiffs in either of said suits can appeal from this decree.

The next enquiry is, was this decree erroneous? The appellants in their petition, assign six errors in this decree. We cannot properly consider any of these errors, or express any opinion on the merits of these causes, because in my judgment when this decree of June 22, 1876, was rendered, two of these causes were in such a condition that the court could properly render no decree in them. In the case of John Callaghan's adm'r. v. Daniel Circle, the sole defendant, Daniel Circle, had been dead more than a year; and while his death had never been suggested in this case, yet the decree appealed from on its face shows that he was dead, and his death had been suggested at the March term, 1875, of the circuit court of Nicholas county in the cause. of Daniel Circle v. John Callaghan's adm'r, and that cause had been revived by consent, in the name of John R. Circle, executor of Daniel Circle, though not in the name of the widow and heirs of D. Circle. Yet there had been no revival of said first suit, and when the decree complained of was rendered there were no defendants before the court in that cause, unless D. Circle's executor might be considered so, he having filed a petition for a rehearing; and in the second cause, the only plaintiff before the court at that time, was the personal representative of D. Circle. It is obvious that the widow and heirs of D. Circle holding the legal title to said five hundred and eighty-five acre tract of land, and having a substantial interest in the controversy, were obviously necessary parties in both said causes; and in their absence, no decree disposing of the subject of controversy in any manner could properly be rendered. In the last cause of Alphin v. D. Circle's executor and others, the personal representative, widow and heirs of D. Circle were before the court. It is insisted that they being before the court in this last cause, and it being by *consent* heard with the other two causes, in which they were not before the court, though

necessary parties in them, that by such consent they waived all right to object to these irregularities having consented to the court's hearing all three causes on their merits. In the case of *Mayo* v. *Murchie*, 3 Munf. 358. John Murchie, trustee of the town of Manchester, filed his bill of injunction claiming that he, as trustee of said town, had the equitable title to a piece of land which was a *common* for the use of the inhabitants of said town, that Mayo who had the legal title to this piece of land, had brought an action of ejectment against him the object of which was turn him and said inhabitants out of the possession of said piece of land. The bill prayed an injunction to the prosecution of this suit, that a conveyance of said piece of land be made to him as such trustee, and that he and the inhabitants of said town be quieted in the possession of said piece of land, and for general relief. In May, 1807, "the cause came on to be heard by consent of parties, as to the defendant, John Mayo, and the Chancellor perpetuated the injunction and decreed that a conveyance of the legal title be made to the trustee for the use of the town of Manchester, and that the said town be quieted in the possession thereof. Judge Coalter was of opinion that this decree should be reversed, because the town of Manchester was a necessary party and was not before the court when the case was decided. The parties having by consent agreed that this cause should be heard, did not, he thought alter the case, "for whether there be proper parties to a suit or not, does not depend upon the will or election of the suitors, who frequently go to trial (as in this case) without objection." The other judges who sat in that case, Judges Roane and Fleming, did not concur in this view of Judge Coalter in delivering his opinion. Judge Roane says, "while it is entirely admitted that all persons concerned in the demand, made by a bill in equity ought to be parties; there is no rule or principle which prohibits the defendant where such parties are *really* represented with dispensing with the strictness of *form*. There may be a

1878.
Special Term.

Callaghan's administrator
v.
Circle.

Circle's ex'or
v.
Callaghan's administrator.

Alphin
v.
Circle's executor
and heirs *et al*.

1878.
Special Term.

Callaghan's ad-
ministrator
v.
Circle.

Circle's ex'or
v.
Callaghan's ad-
ministrator.

Alphin
v.
Circle's executor
and heirs et al.

difference between the *total absence* of parties and the case where there is a mere defect in the power of the agent, however the case might be, had the appellant stood merely still, or objected at an earlier stage of the case, he is now estopped by bringing an ejectment against Murchie as trustee of the town of Manchester, of which this may be considered a continuation in another form, by his recognizing him as such trustee, in his answer in this cause, and by consenting that the cause should be heard as to Mayo, which term *heard,* undoubtedly meant a trial upon the merits, as contradistinguished from the dilatory exceptions for want of parties. I consider all these acts, and those too in relation to parties who are in *fact,* though possibly irregularly represented, as amounting to a waiver of the objection on the part of the appellant."

Judge Fleming says, "It was urged however in argument, that consent cannot give a court jurisdiction; but a party may undoubtedly, by consent, waive every advantage that might be taken by him of *error in form* of the proceedings in a court of *competent jurisdiction,* and rely altogether *on the merits* of his cause, which is purely what was done in the present case." It is unnecessary for us to determine whether the majority of the court was right in its views. It is obvious that in that case, they proceeded on the ground that Murchie, the trustee, represented the town of Manchester, and that thus the town of Manchester was before the court when the decree was rendered, and though it might not be properly before the court, yet it was competent for the appellant to waive any objection to the form in which the town of Manchester was thus brought before the court, and that in that case the appellant had done so by several acts, and among others, by consenting that the cause might be heard. But in the cases before us, the widow and heirs of D. Circle were entirely absent in two of these causes, and there is no pretense that there was any kind of representation of them in these two causes, when the

1878.
Special Term.

Callaghan's ad-
ministrator
v.
Circle.

Circle's ex'or
v.
Callaghan's ad-
ministrator.

Alphin
v.
Circle's executor
and heirs et al.

decree complained of was rendered. And there is nothing in the opinion of the majority of the court in *Mayo* v. *Murchie,* from which we conclude that in such a case the mere consent of the appellants parties to a third suit in which all proper parties were before the court, that their cause might be heard with these two causes would justify a decree in those causes in which the principal parties in interest were totally absent and unrepresented. Nor would the consent of the widow and heirs of D. Circle, who were before the court in the last suit, that it might be heard with the other two causes, prevent the appellants from insisting that a decree should be rendered only when the absolutely necessary parties were before the court.

I conclude therefore that the court had no authority to enter up the decree of June 22, 1876, in the absence of all the defendants in the first and principal cause, and as the causes must be remanded to the circuit court to be matured for hearing, it is improper for me in advance of any legal decision of the cause by the circuit court, to express any opinion on its merits

It remains to consider what action this Court should take. The decree of June 22, 1876, is not simply erroneous, but it is absolutely void so far as it effects D. Circle's heirs and widow, being rendered, when all these defendants in the principal and leading cause were not before the court in that cause. See *Requa* v. *Holmes,* 16 N. Y. 123, and *same case,* 29 N. Y. 338. Still even in such case, it is proper for this Court to reverse such a decree and not dismiss the appeal as an unnecessary proceeding to correct such error. See *Monroe et al.* v. *Bartlett et al.,* 6 W. Va. 441; and *Johnson* v. *Young, Carson & Bryant,* 11 W. Va. 673.

The decree therefore of the circuit court of Greenbrier county of date, June 22, 1876, must be reversed and annulled and the cause remanded to that court, with directions before proceeding to render any decree in said causes to have the two first named causes revived against

1878.
Special Term.

Callaghan's ad-
ministrator
v.
Circle.

Circle's ex'or
v.
Callaghan's ad-
ministrator.

Alphin
v.
Circle's executor
and heirs *et al.*

the proper parties, and each of said causes properly matured for hearing, and when so matured, the three causes shall be heard together, and such other and further proceedings shall be had in them, as are in accordance with justice and the rules governing courts of equity. And the appellants must recover of the appellee, Thomas D. Callaghan, administrator, with the will annexed of John Callaghan, to be levied of the assets of his intestate in his hands, to be administered, their costs about their appeal in this Court expended.

The other Judges concurred.

DECREE REVERSED.