## J. D. KNOX v. M. C. DUNN.

ACTION TO QUIET TITLE, *Not Maintainable.* A lot owner, whose lot has been sold for taxes, and who has neither paid nor offered to pay the taxes, cannot, when the lot was subject to taxation, the levy legal, and the valuation not excessive, maintain an action to quiet title against the holder of the tax-sale certificate.

### *Error from Wyandotte District Court.*

ACTION brought by *Dunn,* the owner of lots 38 and 39, in block 133, in the city of Wyandotte, against *Knox,* the holder of a tax-sale certificate thereon. Trial by the court, at the December Term, 1878, upon an agreed statement of facts. Findings and judgment for plaintiff. New trial denied, and defendant *Knox.*brings the case here.

*J. G. Slonecker,* for plaintiff in error.

*Nathan Cree,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action to quiet title, brought by the owner of certain lots against the holder of a tax-sale certificate thereon. It was conceded that the lots were subject to taxation, the levy legal, and the valuation not excessive; also, that the owner had paid no part of the taxes. Several

defects are alleged in the assessment and sale proceedings. These defects we shall concede, without deciding, were sufficient to invalidate the sale; yet, notwithstanding these defects, we think the plaintiff was not entitled to a judgment in this action, and for the cardinal rule of equity that he who seeks equity must first do equity. Counsel contends that because the action is authorized by and brought under the statute, it is not subject to equitable principles; but this is a mistake. The action to quiet title was, under the old practice, one in equity; and while the forms of actions are changed, the principles under which relief is granted remain the same. True, the statute has enlarged the scope of this action, but it has not obliterated the rules which guide the courts in granting relief. The action of injunction was equitable; it is now prescribed by statute, but the principles of equity still control it. Here a party, who admits that he owes an honest debt to the state, comes into a court of equity, and without paying or offering to pay that debt, asks that the proceedings which the state has taken to collect that debt be adjudged void. We have already decided that an injunction will not lie under those circumstances. (*City of Lawrence v. Killam*, 11 Kas. 499; *Challiss v. Comm'rs of Atchison Co.*, 15 Kas. 49.) And we now decide that a lot owner cannot obtain any such relief by changing the action to one for quieting title.

The judgment of the district court will be reversed, and the case remanded with instructions to render judgment upon the findings for costs in favor of the plaintiff in error, defendant below.

All the Justices concurring.