## A. H. HERZOG v. OSCAR L. GREGG.

1. TENDER OF TAXES; *Action to Quiet Title.* Where a tax sale is made for a sum in substantial excess of the legal tax, penalty and costs, the owner of the land may, unless prevented by the running of the statute of limitations, maintain an action to quiet title against the holder of the tax deed issued upon such sale upon tender to him of the legal tax, penalty, costs and interest.

2. ———— In such a case no tender to the county treasurer is required.

### *Error from Osborne District Court.*

ACTION to quiet title, brought by *Gregg* against *Herzog.* Trial at the September Term, 1879, of the district court, and judgment for the plaintiff. The defendant brings the case here.

*Hays & Barbour,* for plaintiff in error.

*Waldrond & Mitchell,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This case is here from an order overruling a demurrer to the petition, and a judgment following for want of an answer.

The facts are these: Plaintiff was the owner of a tract of land. Failing to pay the taxes thereon, the land was sold, and defendant became the purchaser. A tax deed was issued upon such sale. It appeared that a portion of the taxes for which the land was sold was illegal. Within two years from the date of the tax deed, plaintiff tendered a sum large enough to cover all the legal taxes, penalty, interest and costs. The tender was made to the defendant, but was refused; whereupon plaintiff brought his action alleging these facts, keeping his tender good, and praying for a decree quieting his title.

Two objections are made to the ruling of the district court: first, that the fact that a portion of the taxes for which a sale is made is illegal, is no ground for disturbing the title conveyed by the deed; and second, that the tender was not made to the county treasurer. Neither of these objections is tenable. The first is really disposed of by the case of *McQuesten v. Swope*, 12 Kas. 32. In that case, in an action of ejectment, a tax deed was interposed as a defense, but, it appearing that the sale was for a sum in substantial excess of the legal tax, penalty and costs, the deed was adjudged invalid, and no defense. That was a law action, this one in equity. If the defense failed in that, *a fortiori* it should in this. There, as here, no statute of limitation gave repose or prevented inquiry back of the deed; and until that statute has run, the sufficiency in form of the deed never prevents inquiry into the validity of the sale upon which it was based. Again, the holder of the tax deed was the proper party to receive the tender. The money was due to him. He had paid the county; no further duty was cast upon any county officer, no suit maintainable to restrain any action by the treasurer. The matter, so far as the title to the land was concerned, was one

solely between the parties. If the defendant had been in actual possession, and the action one for the recovery of such possession, the statute provides specifically that the judgment shall not be enforced until payment of the legal tax has been made to the holder of the tax deed. (Comp. Laws 1879, p. 967, § 142.) So in an equitable action, the party claiming the title sought to be quieted should receive whatever is rightfully due from the plaintiff, before such title is disturbed.

A tender to the treasurer would avail nothing. He had no title to surrender; he could not quitclaim, neither could he surrender for the defendant or compel him to quitclaim, or surrender.

We think the ruling of the district court correct, and the judgment must be affirmed.

All the Justices concurring.