NANCY E. GANDY v. THE BOARD OF COMMISSIONERS OF CHASE COUNTY, *et al.*

ACTION against the *Board of Commissioners of Chase County, S. A. Breese,* county clerk, and *W. B. Beebe,* brought in the district court of said county by *Nancy E. Gandy,* who stated in her petition that a certain lot belonging to her, to wit, lot one (1), in block twenty-two (22), in the town of North Cottonwood Falls, in said county, had been sold to Beebe for the delinquent taxes of the years 1871 and 1872, and that she desired to redeem the same, but claimed that the sale was void by reason of certain illegal proceedings had in and about the making of such sale, and that by reason thereof she was not required to pay the amount for which the land was sold, nor to pay the costs of such sale, nor to pay any more interest than if such sale had never been made. The prayer of plaintiff's petition was, that the court would ascertain and determine the amount of the legal taxes, charges, interest and penalties chargeable and due against said lot, and that upon the payment of the same by this plaintiff, that

said pretended sale of May 7, 1873, be adjudged and declared to be null and void, and of no effect in law, etc. The board of commissioners and the county clerk stated in their answer to the foregoing petition that theretofore the said board, at a regular session thereof, had passed an order allowing and authorizing the said plaintiff to redeem said lot by paying into the treasury of Chase county the amount of legal taxes, penalties, costs and charges, with ten per cent. interest, and that plaintiff had refused and neglected, and still refused, to pay said sum of money to said treasurer. Wherefore, defendants prayed that plaintiff might not be allowed her perpetual injunction herein, but that the said plaintiff should be first required by the court to deposit with the treasurer of Chase county the amount of all legal taxes, penalties, costs and charges, and ten per cent. interest, and that said plaintiff should not be allowed to recover her costs from these defendants, etc.

It appears that no reply hereto was filed by the plaintiff. Trial by the court at the May Term, 1879, when the court made certain special findings of fact, and conclusions of law therefrom, as follows:

"That said sale is sufficiently valid so that plaintiff must pay in order to redeem from the same the amount for which the lot was sold (less the excessive amount of $1.10) with 50 per cent. interest per annum from date of said sale, and the subsequent taxes paid by the defendant Beebe with 50 per cent. interest per annum from the dates of payment, making a total amount at this date of $465.35. That plaintiff's bill be dismissed, and the temporary injunction heretofore granted be dissolved, and that plaintiff pay costs of this action."

New trial denied, and thereupon the court rendered its judgment, of which the following is a copy, to wit:

"The defendant Beebe demanding judgment upon the findings, the court does consider and adjudge that the plaintiff, in order to redeem from the tax sale mentioned in the petition herein, must pay the following amounts, with interest from the respective dates at 50 per cent. per annum, to wit: $74.44, with interest from May 7, 1873; $36.39, with interest

from May 4, 1874; $12.58, with interest from December 21, 1874; and that the temporary injunction heretofore granted be dissolved, and plaintiff pay the costs of this action," etc.

*Gandy* brings the case to this court for review.

*W. S. Romigh*, and *J. V. Sanders*, for plaintiff in error.

*Gillett & Forde*, for defendant in error Beebe.

*Per Curiam:* The above case is affirmed, upon the authority of *Knox v. Dunn*, 22 Kas. 683, and *Funk v. James*, 22 Kas. 685.