## HORATIO PRITCHARD v. MATTHIAS MADREN.

1. UNPAID TAXES; *Action, Unsustained; Equity.* Plaintiff was the owner of a certain tract of land. The taxes were delinquent for several years. Proceedings were had under ch. 39 of the session laws of 1877, to collect these taxes, which resulted in a sale and deed of the land to the county. Thereafter the county conveyed to defendant. Without payment or tender of these taxes, plaintiff commenced his action to quiet his title. *Held,* That, upon the maxim that he who seeks equity must do equity, the action could not be sustained.

2. CH. 39, LAWS 1877, *Valid.* Said ch. 39 is challenged as unconstitutional. If this be so, then all proceedings under it were nullities, void upon the face of the record; and the plaintiff being in peaceable possession there is no occasion for an action to quiet title. (*Douglass v. Nuzum,* 16 Kas. 515.)

3. ———— *Due Process of Law.* Said ch. 39 is not obnoxious to the complaint that proceedings under it are not due process of law.

4. JUDGMENT UNDER CH. 39, LAWS 1877, *When not Void.* In proceedings under that chapter, an omission from the title of the petition of the description of the land and the name of the owner is not such a defect as renders the judgment void in a collateral attack, provided it appears that the land was fully described in the body of the petition, and also that due and legal service was made.

5. SERVICE BY PUBLICATION, *When Sufficient.* Where the statute expressly authorizes service by publication of notice to all parties interested in lands upon which tax liens are sought to be foreclosed, such service must be held sufficient to sustain the jurisdiction, although the owner be a resident of the county and not personally named in the notice, or otherwise served with process. (*Gulf Rld. Co. v. Shepard,* 9 Kas. 647; *Fudge v. Fudge,* 23 Kas. 416.)

6. JUDGMENT, *When Valid.* Under said chapter 39, a failure to state the name of the true owner of the land in the petition and judgment will not vitiate the proceedings or render the judgment void.

### Error from Greenwood District Court.

ACTION brought by *Pritchard* against *Madren,* to quiet the title to a certain tract of land in Greenwood county. Trial by the court at the November Term, 1879, and judgment for the defendant. *Pritchard* brings the case here. The opinion states the facts.

*McKenney & Kenner,* for plaintiff in error.

*S. N. Wood,* and *W. C. Campbell,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: In the year 1859 the United States issued a patent to Benoni Pritchard for the south one-half of the north one-half of the southwest one-fourth of section 12, township 22, range 11, the land being in Greenwood county, Kansas, and being the land in controversy in this action. On the 15th day of January, 1870, said Benoni Pritchard and.

Margaret Pritchard, his wife, made a will by which the above-described tract of land, together with other property, was devised to Joseph L. Pritchard and Narcissa Pritchard, now Narcissa Bush, wife of J. W. Bush. Benoni Pritchard died about the last of January, 1870, and Margaret Pritchard died on the 14th of September, 1872. The will was probated at the October term, 1870, of the probate court of Greenwood county, as to Benoni Pritchard. On the 28th day of October, 1874, said Narcissa and J. W. Bush conveyed their interest in said tract of land to Joseph L. Pritchard, by warranty deed, which was recorded on the 6th of January, 1875, in said county. On the 13th of February, 1875, said Joseph L. Pritchard conveyed said tract of land to Horatio Pritchard, the plaintiff in this action, by warranty deed, which deed was recorded on the 16th of February, 1875, in said county. Plaintiff has been in continual possession of said tract of land ever since he received said title to it. On the 3d of October, 1877, the following-entitled action was commenced in the district court of Greenwood county, Kansas, under chapter 39 of the session laws of 1877, to wit: "The board of county commissioners of Greenwood county v. the northwest quarter of section 3, in township 22, range 10, and other property, and William J. Foster, Joseph Hall, J. W. Tilton, and others unknown, and all persons having or claiming an interest therein." To the petition filed in this action an exhibit was attached, in which the south half of the north half of the southwest quarter of section 12, in township 22, range 11, was described as the property of Margaret Pritchard. No summons or notice of any kind whatever, to any person or thing, was issued from said court on the petition, and no personal notice served upon any one. The notice, however, required by chapter 39 of the laws of 1877, was duly published. At the May term, 1878, of said district court, judgment was rendered by the court in this action, in which it was adjudged that the said south half of the north half of the southwest quarter of section 12, township 22, range 11, was the property of Margaret Pritchard,

and judgment was rendered against said tract of land for the sum of $66.47 and for costs; and it was ordered that said tract of land be sold for the satisfaction of the judgment, and the overplus, if any, be paid to said owner. An order of sale was issued thereon, and the sheriff sold this tract of land, together with many others, to Greenwood county, and on the 1st of January, 1879, he executed a deed to that county therefor, which was duly recorded on the 5th of February, 1879. On the 28th day of January, 1879, the county conveyed this tract of land to Matthias Madren, the defendant herein, which was recorded on the 3d of March, 1879. On the 3d of July, 1879, the plaintiff in error commenced this action in the court below to quiet his title to the said south half of north half of the southwest fourth of section 12, township 22, range 11, and on the 14th day of November, 1879, by leave of court, filed an amended petition; and on the 20th of that month the case was tried by the court without a jury, upon the amended petition, amended answer to amended petition, the reply, and the evidence, and a judgment rendered for the defendant; to which judgment the plaintiff then and there excepted. A motion for a new trial having been made and overruled, the case is brought to this court for review.

It is not alleged in the petition, nor is it anywhere disclosed in the record, that the taxes charged up against this land were illegal in any respect, or that plaintiff had ever paid the same, or made any tender of them to the county or defendant. The case comes before us upon the claim that the statute referred to is illegal, and that the proceedings under it gave no sort of title or interest to defendant. Let us stop for a moment to consider the case in that aspect of it. Will the mere illegality of these proceedings sustain an action to quiet title as against them? In the cases of *City of Lawrence v. Killam*, 11 Kas. 499, and *Challiss v. Comm'rs of Atchison Co.*, 15 Kas. 49, it was held that an injunction would not lie to restrain tax proceedings without a prior payment or tender of all legal taxes. The same doctrine was

carried further in *Knox v. Dunn*, 22 Kas. 683, and there it was decided that without such tender an action to quiet title will not be sustained against the holder of a tax-sale certificate. And in *Herzog v. Gregg*, 23 Kas. 726, an action to quiet title was sustained as against the holder of a defective tax deed, upon proof of tender of the amount of the legal taxes and charges. In that case it was said that in "an equitable action, the party claiming the title sought to be quieted should receive whatever is rightfully due from the plaintiff, before such title is disturbed." See also *Corbin v. Young*, ante, p. 198. It would seem that the principles upon which those cases were decided are controlling here. Taxes are a lien upon real estate, made so by statute. The challenge is made of these taxes. They were legal and valid, a just lien upon this real estate. Plaintiff, claiming to be the owner of the land, does not pretend to have paid them, and yet asks a court of equity to cast off as a cloud upon his title the proceedings had by the public to collect them. Is not the rule just and right, as well as universal, that, where a charge upon real estate is shown to be legal and fair — one that equitably should be paid by the owner of the real estate — no action will be sustained in a court of equity to restrain proceedings to enforce and collect that charge, or to set aside a title founded upon such proceedings, without a prior payment or tender of the amount of such charge?

But it may be and is said that the act under which these proceedings were had is unconstitutional; that therefore the proceedings are nullities, and the county may again attempt to collect this tax, even if tender and payment had been made to defendant, and so the plaintiff be compelled to pay twice. If this were true, then the deed would be void upon its face, would never start the statute of limitations to run, and what need would there be of this action to quiet title? Plaintiff being in possession, no action is necessary to protect his possession, and proceedings under an unconstitutional and void statute will never of themselves ripen into a title by lapse of time. It would seem that the very argument in

favor of the unconstitutionality of the statute is an argument against the necessity of this action. (*Douglass v. Nuzum*, 16 Kas. 515.)

Is the statute, however, unconstitutional? We shall consider upon this question only the objections which are presented by counsel. We do not consider it our duty to search for defects, and the objection raised by the learned counsel is not good. They challenge the act on the ground that the proceedings under it are not due process of law. The substance of the statute is this: While the ordinary process for the collection of taxes is by sale by the treasurer, this statute authorizes the county, in case of failure to collect by the ordinary process, to foreclose the tax lien by proceedings in the district court. Is not this due process of law? Is there any constitutional requirement or inherent necessity compelling the collection of taxes by the single process of sale by county officers? Clearly not. The method of collection is not prescribed in the constitution, but is left to the legislative discretion; and because one method has hitherto been adopted, is no limitation on the power to adopt another. There is no inherent vice in collecting taxes by judicial proceedings in the courts, instead of by summary process of sale by county officials. The legislature may adopt either, or both. A collection in either way is by due process of law. A tax, when duly levied, becomes a lien upon the land, which may be enforced in such manner as the legislature shall prescribe. The mere remedy is always within legislative control. A change in it disturbs no vested rights.

Again, objection is made to the proceedings in this case and the judgment rendered, on the ground principally that neither the land nor the owner was named in the title of the petition, that in the body of the petition and the judgment the land is alleged and found to be the property of another than the real owner, and also because while the owner was a resident the only notice given was by publication. Neither of these grounds of objection is well taken. The collection

of taxes is a proceeding *in rem*. The land and the delinquent taxes are correctly described in the body of the petition and in the publication notice. And even in an ordinary action, an omission of the name of a defendant from the title of the petition, when the same duly appeared in the body thereof, and he was duly served, would not render the judgment void in a collateral attack. So here, however defective the title may be, if the petition fully and clearly states all the facts constituting a cause of action against this particular tract of land, facts sufficient to justify a decree of foreclosure against · it, and due and legal service of all process or notice required is made, the jurisdiction of the court is complete, and its judgment is not open to collateral attack. That the notice required by this statute is sufficient must be affirmed upon the authority of the cases of *Gulf Rld. Co. v. Shepard*, 9 Kas. 647; *Fudge v. Fudge*, 23 Kas. 416 — in the opinion in the first of which cases the matter is discussed and authorities cited. As to the misdescription of the owner of the land in the petition and judgment, no sale for taxes is vitiated by a failure to enter the name of the true owner of the land on the tax roll. (Comp. Laws 1879, p. 962, § 118.) Neither is the name of the owner required in proceedings under said ch. 39, §§ 1 and 4. That act contemplates proceedings *in rem*, provides for notice to all persons interested, and that all persons interested, whether named or not, shall be deemed to be defendants, and bound by the judgment. Whatever right of redemption from a sale under the provisions of that chapter may exist in a case of a misdescription of the owner, —and as to that we need not inquire in this case—it cannot be held that the judgment is thereby rendered void.

We have considered the various questions presented by counsel, though the first two matters really decide the case. The judgment will be affirmed.

All the Justices concurring.