## EDWARD WILDER v. IGNATIUS COCKSHUTT.

TAXES, *Payment or Tender of; Equity.* Before a land-owner or the mortgagee of land can successfully resort to a court of equity to contest with the holder of a tax certificate illegal taxes or charges included in the tax sale where the land sold is taxable and the taxes have not been paid, he must first pay or tender the taxes or charges conceded to be legal, with the interest required by the statute relating to the redemption of lands sold for taxes.

### *Error from Marion District Court.*

FEBRUARY 23, 1880, *Cockshutt* filed a petition in the district court of Marion county, against David Christie and wife to foreclose a mortgage executed by them on February 10, 1879, to secure the sum of $7,215, with interest at the rate of

7½ per cent. per annum. Elijah Leonard, an attaching creditor of David Christie, was a defendant in the action. The board of county commissioners, the county treasurer and county clerk of said county, and Edward Wilder, were also made defendants, for the purpose of making equitable redemption from certain tax sales of the lands embraced in the mortgage, tax certificates of which were held by Wilder. Plaintiff alleged a tender of a certain amount of money, which was intended as a tender of taxes paid and 7 per cent. interest, but which was in fact a tender of 10 per cent. on the taxes actually paid, the mortgagee supposing at the time of tender that Wilder had paid the taxes for the year 1879, when in fact he had not, and which taxes, if they had then been paid, would have made the tender one for the payment of the taxes, and 7 per cent., as was intended. There were four separate sales, each on October 22, 1877, for the same kind and percentage of taxes. Plaintiff alleged as a ground for obtaining an equitable redemption, that illegal taxes and charges were included in the sales, by virtue of which the said tax sales were void. Wilder filed an answer, admitting that he was the owner and holder of the tax certificates upon the lands mentioned in the petition, and averred that he was ready and willing, and had always been ready and willing to receive in full discharge, redemption and payment of the tax certificates held by him, the taxes, interest and costs provided for in the redemption laws of the state. Service was made by publication upon David Christie and his wife, who were non-residents of the state and citizens of Canada. At the May term of the court for 1880, judgment upon the mortgage and foreclosure of the same were duly rendered, the premises ordered to be sold to satisfy the judgment, but a sum of money was reserved by the court out of the proceeds of the sale sufficient to pay the claims of Wilder, the tax purchaser, whatever they might be. The tax matters and issues between Cockshutt, Wilder and the other defendants were continued for trial at the first adjourned, special or regular term of court. On the 5th day of July, 1880, at the adjourned May term for 1880, Cockshutt

filed his petition and bond for a removal of the action to the circuit court of the United States for the district of Kansas, and the action, so far as the controversy and matters at issue between Cockshutt and Wilder were concerned, was by the court on said day removed to the United States circuit court. At said adjourned term the sale of the lands mentioned in the mortgage was confirmed. The sheriff of Marion county was ordered to make a deed to the purchaser, William Scully, and ordered to retain out of the proceeds of the sale $2,000, to be held by him to await the decision and judgment of the United States court, to which the balance of the action had been removed. At the November term, 1880, of the circuit court of the United States for the district of Kansas, the action was remanded to the district court of Marion county; and on the 26th day of January, 1881, at an adjourned term of the district court, the matters at issue between Cockshutt, Wilder and the officers of Marion county came on to be heard. On the trial the following facts were admitted and proved:

"That the defendant, David Christie, and his wife, Margaret R. Christie, executed the mortgage to the plaintiff described and set forth in said petition, and upon the lands therein mentioned; that the same was unpaid at the commencement of this suit; that the mortgage was filed for record as alleged in the petition; that said David Christie was the owner of said lands at the time of the making and execution of the mortgage; that David Christie and Margaret R. Christie failed to pay the taxes on the land, as stated in the petition; that on the 22d day of October, 1877, the lands mentioned in the petition were sold for the taxes of 1875 and 1876, to Edward Wilder, defendant, for the taxes, charges and penalties levied, assessed and charged against said lands for said years, and the amount of which sales is correctly stated in the petition; that Edward Wilder, defendant, paid the taxes on the lands for the years 1877, 1878 and 1879, at the times stated in the petition, and had them indorsed on the tax certificates held by him under the sale aforesaid, except that the taxes of 1879 were paid after this suit was brought, and that the amount of the taxes for the years 1877, 1878 and 1879, so paid by said Edward Wilder, is correctly stated in plaintiff's petition; that the lands are

all situate, as alleged in the petition of the plaintiff, in the township of Centre, in the county of Marion, in the state of Kansas, and that Centre township is not, and never has been, a single road district; that there was levied in each of the years 1876, 1877 and 1878, by the board of county commissioners of the county of Marion, a county tax of eleven mills on the dollar valuation; which tax was levied on the lands described in the plaintiff's petition, one mill of each of which said taxes it was admitted by the defendant, Edward Wilder, was in excess of the authority of the commissioners, under the law, to levy, and is illegal, and which amounts to the sum stated and alleged in the plaintiff's petition; that the board of county commissioners of said county of Marion, without the concurrence of the township trustee of the township of Centre, levied a tax in the township of Centre for the year 1875 of one and a half mills for township purposes, and two and one-half mills for road purposes, and did likewise levy for the year 1876, in said township, a tax of one and a half mills for township purposes, and three mills for road purposes, the amount of each of which said taxes is as alleged in the petition; that if the claim of Edward Wilder for the full amount required by the redemption law to redeem is necessary and required by a final adjudication to be paid him, the proceeds of said lands will not pay the claim and demands of plaintiff and the costs of court, by several hundred dollars; that there is sufficient to pay off the claims of plaintiff and costs of this action, with a small surplus to Leonard, calculating the payment to defendant Wilder at 10 per cent.; that David Christie, the owner of said lands at the time of making said mortgage, always has been and is now a non-resident of the state of Kansas; that the amount of money tendered by the plaintiff to the defendant Wilder, and also to the county treasurer, was the sum stated in the petition; that at the time the tender was made, defendant Wilder had not made the payment of the taxes on said lands for the year 1879, and the amount really tendered equalled the taxes paid by Wilder and 10 per cent. interest thereon; that at the time of such tender the plaintiff was under the belief that defendant Wilder had paid the taxes for 1879, and intended to make a tender of taxes with 7 per cent. interest thereon; that the amount of money tendered by the plaintiff to the defendant Wilder, and also to the defendant R. C. Coble, treasurer of Marion county, was the sums stated and at the times mentioned in the plaintiff's petition, and that at the time of said tender the

defendant Wilder had not then paid the taxes for the year 1879 mentioned in the petition; that Edward Wilder, defendant, is the owner of the tax certificates, and has paid the taxes hereinbefore stated to have been indorsed thereon, and that he and the county clerk and the county treasurer are each now willing and always have been willing and ready to permit and allow a redemption to be made under the provisions of the redemption laws of the state of Kansas, or to assign the said tax certificates to the plaintiff, upon the payment of the sums expressed in said redemption law, but upon no other terms or conditions, and at no less rate of interest than is provided in said redemption law; that there was included in said sales an illegal charge of one dollar and twenty cents for fees of the county treasurer in making said sale, to wit, twenty cents in the sale of the south half of section 23, twenty cents in the sale of the south half of section 34, forty cents in the sale of section 26, and forty cents in the sale of section 35, as alleged.

Upon the foregoing facts, the court decided that the sale of the land for taxes was invalid; that *Cockshutt* had the right to redeem the lands sold to *Wilder* for the full amount of the taxes paid by him, with 10 per cent. interest from the time of the sale to the date of tender. *Wilder* excepted, and brings the case here.

*J. G. Waters*, and *W. C. Campbell*, for plaintiff in error.

*Frank Doster*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The principal question in this case is, whether a mortgagee of lands can enforce redemption from a tax sale in which there was intentionally included illegal taxes and charges, at less than the *legal* taxes and charges, and the statutory rate of interest thereon?

In ordinary cases, the statute has provided the mode and terms of redemption to be pursued by the land-owner and the mortgagee. In such cases, as the right to redeem comes from the statute exclusively, it can be asserted only under the circumstances which are there prescribed. (Laws 1876, ch. 107, § 127; Comp. Laws 1879, p. 963, § 127; id., p. 969, § 148.)

Is this an exceptional case? Counsel for defendant in error (plaintiff below) claims that it is, and denies the force of the redemption statute upon the findings presented. His argument is, that the statute applies only to valid sales, and cannot in reason have any application to invalid sales.

We do not so understand the statute, so far as the legal taxes and charges included in these sales are concerned. There were in fact, though not in law, certain sales. The land was taxable; the taxes had not been paid, and the taxing officers attempted to sell the land and issue certificates therefor. Every step was taken and everything done by the various taxing officers at the same time and in the same manner as was necessary to make legal and binding sales. While the tax sales are invalid on account of the excess of illegal taxes and charges included therein, the case is essentially different from that of one where no tax proceedings were had, and no attempt was made to sell. (*Maxson v. Huston*, 22 Kas. 643.)

While, therefore, we think that the plaintiff below had the legal right upon proper averments in his petition, to contest with plaintiff in error the legal taxes and charges embraced in the tax certificates, yet, before he could institute such a contest, or be entitled to a decree from a court of equity permitting him to redeem, he must have first tendered the legal taxes and charges conceded to be due, together with the interest thereon required by the statute relating to the redemption of lands sold for taxes. The petition in this case did not allege a tender of the statutory rate of interest for the taxes and charges admitted to be legal, and therefore plaintiff below was in no condition to litigate with defendant below as to the illegal taxes and charges so included. Objection was made to the introduction of any evidence under the petition upon the trial, and such objection ought to have been sustained. This conclusion is in accordance with the previous rulings of this court. In *Stebbins v. Guthrie*, 4 Kas. 353, it was held that an occupying claimant was entitled to recover for lasting and valuable improvements under

a void tax certificate. In *Smith v. Smith*, 15 Kas. 290, the holder of a tax deed void upon its face was held to be entitled to the benefit of the occupying-claimant act, and the provisions of §117 of the tax law of 1868.

In *Maxson v. Huston*, supra, it was decided by a majority of the court that a tax deed, regular upon its face, containing a perfect description of the land conveyed, and of record the time prescribed by the statute of limitations, was protected by the statute from impeachment by evidence that the description of the land on the assessment roll and in the sale certificate is fatally defective. (See also *Herzog v. Gregg*, 23 Kas. 726; *Knox v. Dunn*, 22 Kas. 683; *Pritchard v. Madren*, 24 Kas. 486; *Corbin v. Young*, 24 Kas. 198; *Genthner v. Lewis*, 24 Kas. 309; *Coe v. Farwell*, 24 Kas. 566; *Millbank v. Ostertag*, 24 Kas. 462.)

We are not called upon, in view of the fact that the petition does not allege a sufficient tender, to pass upon the validity of the alleged illegal taxes and charges.

The judgment of the district court will be reversed, and the case remanded, with direction to the court below to render judgment for the plaintiff in error.

All the Justices concurring.