CHARLES J. RICHARDS v. JOHN R. COLE.

1. TAX-SALE NOTICE, *Defective; Sale, Not Sustained.* Where a tax-sale notice named the front door of the court house instead of the treasurer's office, as the place of sale, and at the time of sale the treasurer's office was undergoing some repairs, and the treasurer had temporarily removed into another building, and the sale was made at such temporary office, *held,* that the sale could not be sustained.

2. TITLE, *Quieted on What Condition.* In an action to quiet title brought by the holder of the original title in possession against one claiming under a tax deed, in which the tax deed is found to be invalid, the plaintiff's title should be quieted only on condition of payment of all taxes, costs and interest included in the deed.

*Error from Miami District Court.*

ACTION brought by *Cole* against *Richards,* to quiet his title to certain lands situate in Miami county. Trial at the October Term, 1882, and judgment for plaintiff. Defendant brings the case here. The opinion states the facts.

*John C. Douglass,* for plaintiff in error.

*H. H. Patten,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action by defendant in error, plaintiff below, to quiet his title. It appears that defendant claimed under a tax deed based upon a tax sale made in 1870 for the taxes of the year 1869. The district court found in favor of the plaintiff and quieted his title, adjudging defendant's tax deed void and refusing him any relief on account of his payment of taxes. It is conceded that the tax deed was regular on its face; but it is claimed, and so the court found, that it was invalid by reason of a void assessment, an insufficient notice of sale, and a defective sale.

Two questions arise: *First,* Was the deed avoided by reason of any defects in the prior proceedings? *Second,* If defective, was the plaintiff entitled to all the relief awarded to him? In reference to the first question, it is enough to

consider the notice of sale, and the sale, for upon them we think the ruling of the court against the validity of the deed must be sustained. The notice named as the place of sale the front door of the court house, at Paola, instead of the treasurer's office, as the statute required. (Gen. Stat. 1868, p.1046, § 81.) At the time of sale the treasurer's office was undergoing repairs, and the treasurer had temporarily removed to a room in another building. At this temporary office the sale was made. It nowhere appears from the record that the regular office of the treasurer was in the court house. We may not presume that it was, or was not, there. Section 172, p. 292, Gen. Stat. 1868, required every county officer to keep his office at the county seat, and in the office provided by the county, or at such place as the county commissioners should direct. But it does not follow from this section that even in counties having a court house, the treasurer's office is necessarily therein. Often the building is not large enough for all the county offices, and some are located in other buildings. Again, it does not appear that the sale was commenced at the front door of the court house, as advertised, and then adjourned to the room in which the treasurer temporarily had his office. So that the case stands upon the simple proposition that when the sale was advertised to be made at one place, it was in fact made at another. This is fatal. (See Cooley on Taxation, p. 338, and cases cited in note; *Corbin v. Young*, 24 Kas. 198.) Therefore the ruling of the district court as to the invalidity of the tax deed was correct.

Upon this, as stated, the district court quieted plaintiff's title absolutely and unconditionally, refusing defendant any relief on account of the taxes paid by him, and failing to find the amount of such taxes, or to adjudge the same a lien. In this the court erred. (*Wilder v. Cockshutt*, 25 Kas. 504; *McKeen v. Haxtun*, 25 id. 698, and cases cited in the opinion.)

The judgment will therefore be reversed, and the case remanded to the district court for further proceedings in accordance with the views herein expressed.

All the Justices concurring.