# CHARLESTOWN.

## CURLETT v. NEWMAN.

Submitted September 8, 1887.—Decided September 23, 1887.

FRAUD—CONVEYANCE—UNDUE INFLUENCE—ACTION TO SET ASIDE.

An aunt, by deed conveyed to her nephew, who was at the time, and had been for many years, living in her family, and managing her farm and other business affairs, her whole estate, real and personal, subject to her life-estate therein. Upon a bill filed by the grantor to set aside said deed after the death of the grantee, and nearly five years after its date, upon the ground, that, by the misrepresentation and fraud of the grantee, the grantor was induced to execute a different instrument from that she believed she was executing, the plaintiff failed to prove, that there was any such misrepresentation or fraud, or that the contents of the deed were not such as she intended—HELD:

I. Such deed will not be set aside for the alleged fraud. (p. 188.)

II. Nor were the grantor and grantee placed in such a fiduciary or confidential relation to each other as would entitle the grantor to have the deed annulled at her mere volition or pleasure. (p. 185.)

III. And especially would a court of equity refuse to grant relief in such case, after such unexplained delay in bringing her suit.

*A. P. White* and *D. B. Lucas*, for appellants.

*S. L. Flournoy* for appellee.

SNYDER, JUDGE:

Suit in equity commenced in January, 1884, in the Circuit Court of Hampshire county, by Elizabeth Curlett against

William C. Newman, Mary A. Babb, Elizabeth Nesmith and Elwood Parsons to set aside a deed made by the plaintiff to John C. Newman. The deed is dated July 22, 1879, was acknowledged on the same day, and duly admitted to record in the county four days after its date. The consideration mentioned is love and affection and one dollar; and the deed conveys to John C. Newman all the grantor's interest in the farm on which she resides, all her other land, and all her personal estate, reserving to the grantor the use and possession of all said property for and during her natural life. John C. Newman died intestate and unmarried in November, 1883, leaving as his heirs at law his brother and two sisters, the defendants, William C. Newman, Mary A. Babb and Elizabeth Nesmith. The material ground alleged in the bill for setting aside the deed is, that the plaintiff was induced to execute the same by the misrepresentations and imposition of said John C. Newman; that having agreed to execute an instrument by which said Newman and Elwood Parsons should have all her property at her death in equal portions, if they survived her, the said Newman caused this deed to be prepared, and presented it to her for execution, with the assurance, that it expressed her wishes as agreed upon, and that she, confiding in said assurance, signed and acknowledged the deed, without reading it or knowing its true contents. The defendant, W. C. Newman, filed a demurrer to the bill at rules; but no notice of the demurrer was taken in any of the orders of the court. Elizabeth Nesmith answered, denying, that there was any imposition, fraud or mistake in the execution of the deed; and the bill was taken for confessed as to the other defendants. Depositions were taken by the plaintiff and defendants, and on September 26, 1885, the court entered a final decree, setting aside and annulling said deed. From this decree an appeal was allowed on the petition of the defendants, W. C. Newman and Elizabeth Nesmith.

It is unnecessary to consider or decide whether or not W. C. Newman could appeal from said decree, since the right of Elizabeth Nesmith to maintain this appeal is unquestionable; and as her interests and those of said Newman are identical, the reversal of the decree as to her must operate

as a reversal as to both. *Anderson* v. *Gallego*, 6 Gratt. 363 ; *Bock* v. *Bock*, 24 W. Va. 586; *Callaghan* v. *Circle*, 12 W. Va. 562.

The matter complained of by the plaintiff is, that the name of Elwood Parsons was not mentioned in the deed as one of the grantees, and that, by the fraud of John C. Newman, he alone was made grantee. The plaintiff, of course, was incompetent to testify as to the execution of the deed in this cause, and *a fortiori* it was incompetent to offer the testimony of other witnesses as to her declarations respecting that transaction. Excluding the proof of such incompetent declarations, there is really no evidence of any misrepresentation, imposition or fraud in the procurement of the deed. On the contrary, the only witness who testifies on the subject of the execution of the deed is the justice who took the acknowledgment, and he says, that when he called, at the instance of John C. Newman, at the house of the plaintiff to take her acknowledgment of the deed, " there was something said as to the nature of the deed, but very few words, as well as I can recollect. She stated, that she knew what she was signing, *her interest in that estate to John C. Newman.*" And on cross-examination, he says he is certain that the plaintiff said the deed was to John C. Newman. In none of the testimony is there anything to show, that Elwood Parsons was to be a grantee in the deed, or that there was any mistake or fraud in its procurement or execution. It seems, however, from the recitals in the decree of the Circuit Court, that the deed was set aside because of the situation and relation of the parties at the time it was made. It is shown, that John C. Newman was the nephew of the plaintiff, and for a number of years had resided in her family, managed the farm and her other business affairs, and that she had great affection for and confidence in him. The counsel for the appellee insists, and such appears to have been the conclusion of the court below, that these facts establish such intimate and confidential relations between the grantor and grantee of the deed as would render the deed voidable in law at the will of the plaintiff. In other words, it is claimed, that the relation of the parties here was such as to bring this deed within the doctrine of this Court, as

announced in the case of *Newcomb* v. *Brooks*, 16 W. Va. 32. I think this is a clear misapprehension of both the law and the facts. In that case, it is stated to be a general principle of courts of equity, that a purchase by a trustee, or party holding any fiduciary relations, of the trust property or subject is voidable at the pleasure of the *cestui que trust*, although the purchaser paid an adequate price, and gained no advantage. That is, that if, at the time of the purchase, the vendee occupied such fiduciary or confidential relation, the sale is voidable, and may be set aside at the option of the vendor. *Newcomb* v. *Brooks*, 16 W. Va. 59, and cases there cited. It is very plain, that the facts in the case before us wholly fail to establish any such fiduciary or confidential relation between the plaintiff and John C. Newman as that contemplated and required by the principle of equity above stated. The most that can be said as to the relation of these parties is that the one was the near kinsman and farm and business manager of the other. It does not appear, that Newman had any power to dispose of the property of the plaintiff, or to make contracts in relation thereto. For all that appears in the proofs, he did nothing without her direction and supervision,—that he was her mere overseer or manager, without any other authority whatever. It is certainly not shown, that he bore any fiduciary or trust relation to the plaintiff, or to the property, that was conveyed to him; and it is therefore manifest, that the doctrine invoked by the counsel for the appellee has no application to this case.

But there is another fatal objection to the success of the plaintiff in this suit. Delay in the assertion of right, unless satisfactorily explained, operates in equity as evidence of assent or waiver; and especially is such the case in suits to set aside contracts on account of fraud or infancy. Courts of equity, which are never active in granting relief upon stale demands, will always refuse relief where the party has slept upon his right and acquiesced a great length of time, and until the death of the party charged with the fraud. *Pusey* v. *Gardner*, 21 W. Va. 469; *Trader* v. *Jarvis*, 23 W. Va. 100. The deed here sought to be impeached was made in July, 1879; the grantee who is now charged with fraud in its procurement lived more than four years there-

after, and died in November, 1883 ; and this suit was not commenced until January, 1884, nearly five years after the date of the deed. If we reject, as we must do, the incompetent testimony of the declarations of the plaintiff as to the time she first discovered the true character of the deed, the record furnishes no evidence or explanation of this great delay in commencing this suit. There is no pretence of any concealment of the alleged fraud. The grantee caused the deed to be recorded upon the public records of the county four days after its date. This was constructive notice to the world of its contents, and placed it in the power of the plaintiff to ascertain its provisions at any time she might choose to do so. But notwithstanding all this, she failed to take any action until after the death of the party now charged with fraud, and the expiration of nearly five years from the time her alleged cause of action accrued.

Upon the whole case, I am clearly of opinion, that the decree of the Circuit Court is erroneous, and should be reversed and the plaintiff's bill dismissed.

DISMISSED.