# CHARLESTON.

## SMITH *v.* WEHRLE.

Submited September 13, 1895—Decided Nov. 23, 1895.

STATUTE OF LIMITATIONS—DOWER.

    The statutory bar to a widow's remedies for the recovery of her dower is the lapse of ten years from the death of her husband, when her right to sue accrues.

COUCH, FLOURNOY & PRICE for appellant, cited Black. Comm. Book 3, p. 183; Tuck. Comm. Book, 2 p. 66; Code, c. 65, ss. 1, 8, 10, 11, 12; Id. c. 104, s. 1; 6 Johns. Chy. 194; 1 Harrison (N. J. L.) 107; 2 Halst. (N. J. Ch.) 613; 10 Ohio 24; 18 B. Mon. 782; 27 P. F. Smith (Pa.) 27; 1 Const. Rep. (S. C.) 112; 1 McMullan, Eq. (S. C.) 35; 2 Rich. Eq. (S. C.) 1; 5 Rice, Eq. (S. C.) 158; 37 W. Va. 216, 221, 233; 39 W. Va. 108; 21 W. Va. 470; 28 S. E. Rep. 2; 17 W. Va. 717; 27 W. Va. 677; 28 W. Va. 774; 12 Leigh, 269; Barton, L. Prac. 376, 377.

KENNEDY & DYER and W. L. ASHBY for appellee, cited Code, c. 104, s 1; Id. c. 13; 1 Wash. R. Prop. 241, 250, 255, 285; Ang. Lim. § 367; 2 Gill & J. 468; 10 Yerger, 94; 1 Dev. & Bat. 213; 32 Mo. 357; Dudley, 123; 7 Ga. 20; 1 Mann, 1; 6 Clark, 106; 4 N. H. 107; 7 Metc. 24; 3 Harr. (Del.) 154; 32 Ala. 521; 1 Pom. Eq. Juris. § 416-18; 6 Gratt. 405; 8 How. 210; 4 Otto, 512; 2 Wall. 94; 3 Bro. C. C. 639; 3 Atk. 105; 1 Johns. Ch. 46; 4 Id. 215; 1 Greenl. Cruise R. Prop. 178, 179; 4 Leigh, 30; 11 Gratt. 441; 15 W. Va. 674; 19 W. Va. 169; 4 Moss. 566; 1 Washb. 197; 1 Tucker, 60; 3 Bacon, 208, 209.

DENT, JUDGE:

C. A. Smith, widow of Joseph A. Smith, deceased, at May rules, 1893, filed her bill in chancery against Lewis Wehrle, in the Circuit Court of Kanawha county, claiming dower in a certain property situated in Charleston, said county, and owned by the defendant. Defendant answered the bill, denying the right of dower, and pleading the statute of limitations. Plaintiff replied generally. On a hearing of the case, the circuit court entered a decree in favor of the plaintiff, from which defendant appeals.

The facts as shown by the record are as follows: Joseph A. Smith, deceased, purchased of Richard V. Wheelan the property in controversy, being a valuable lot, lying between Kanawha and Virginia streets, in the city of Charleston, at the supposed price of five thousand dollars. On the 29th day of March, 1865, he executed his two notes to said Wheelan, for the sum total of four thousand dollars, pay-

able in one and two years, with interest payable half-yearly. To secure said notes, he executed a deed of trust, conveying the property in controversy to George Jeffries, trustee, on the 29th day of April, 1865. This trust deed, in describing the property, refers to it as "the lot, with the house and all the appurtenances thereto belonging, purchased by the party of the first part, from Richard V. Wheelan, and conveyed by him to the party of the first part, by deed dated the 5th day of April, 1865." And this is the only knowledge we have of the deed from Wheelan to Smith, as it was not recorded, and the plaintiff filed an affidavit, in which she swears that "it was with Mr. Smith's papers before his death, but it has been mislaid or destroyed." Joseph A. Smith failing to pay for the property, the trustee sold the same under the trust on the 21st day of November, 1868, to John C. Ruby, at the price of six thousand dollars, who, in turn, sold to the defendant. The trustee and Ruby made a joint deed to the defendant dated the 25th day of November, 1868. Joseph A. Smith died some time during the year 1879. His widow, the plaintiff, waited until the year 1893, about thirteen years, and then instituted this suit. No cause is given for this delay.

The first question presented is as to whether she is barred by the statute of limitations from maintaining this suit. The statute of limitations acts on the remedy, and not on the right. But, by taking away the remedy, it indirectly destroys the right, be it ever so good and just. Its object is to give repose, and require claimants to assert their right within a certain limited time, or forever abandon them. Turning to section 10, chapter 65, of the Code, we find the remedies provided by law for recovery of dower when withheld. The section is as follows, to wit:

"Sec. 10. A widow having a right of dower in any real estate, may recover the said dower and damages for its being withheld by such remedy at law as would lie on behalf of a tenant for life having a right of entry, or by a bill in equity where the case is such that a bill would lie for such dower."

By this section the courts of law and equity, in a proper

case, are given concurrent jurisdiction. Her legal remedies are the same as those of a tenant for life, and must be subject to the same limitations, her dower being equivalent to a tenancy for life in one-third of the estate involved. Such being the case, she is barred of her legal remedies, by reason of section 1, chapter 104 of the Code, which is as follows, to wit:

"Section 1. No person shall make any entry on land or bring an action to recover any land, but within ten years next after the time at which the right to make such entry or to bring such action shall have first accrued to himself or to some person through whom he claims."

On the death of her husband, her right to demand and sue for her dower accrued. Thirteen years having been permitted to go by since then without demand or suit, her legal remedies are certainly barred. Such being the case as to her legal remedies, the maxim that "equity follows the law" would control her equitable remedy. "Whenever the jurisdiction of the two courts over the subject of controversy is concurrent, the statute of limitations is recognized not less as a bar in equity than at law." 2 Tuck. Bl. Comm. 388; *Wilsons* v. *Harper*, 25 W. Va. 182. The sale under the deed of trust rendered the holding of the purchaser adverse to the husband and his heirs, and adverse to the widow as soon as her right to sue became vested by his death. This is the converse of the proposition settled by this Court in the fourth point of the syllabus in *Mullan's Adm'r* v. *Carper*, 37 W. Va. 216 (16 S. E. 527). The law of this state is so plain on this question that it is wholly unnecessary to go into an examination of the decisions of the courts of other states, an examination of which will show that in those states where the statutory provisions are similar to our own, the same result has been reached.

The conclusion arrived at being that the plaintiff's remedy is barred by the statute of limitations, the other questions raised in this case become of no importance, except the pretended estoppel set up against the defendant's appeal by plaintiff's counsel, to the effect that defendant elected, in case the court determined against him on the main question at issue, to pay a gross sum in lieu of dower

in kind. This is a privilege accorded him by the statute, and can in no wise interfere with his right of appeal except as to such election. His prayer for relief was a conditional one, and perfectly proper, and in no wise admitted his liability.

It might be proper to add further that, even with the statute of limitations out of the case, or regarding the claim set up as purely equitable, it is a matter of serious doubt whether the plaintiff has shown herself entitled to the relief sought. When a person brings a stale demand into a court of equity, the right to recover must be clear, beyond dispute or suspicion. *Bill* v. *Schilling*, 39 W. Va. 108 (19 S. E. 514); *Whitaker* v. *Improvement Co.*, 34 W. Va. 229 (12 S. E. 507); *Walker* v. *Ruffner*, 32 W. Va. 297 (9 S. E. 215); *Hale* v. *Cole*, 31 W. Va. 585 (8 S. E. 516); *Curlett* v. *Newman*, 30 W. Va. 182 (3 S. E. 578); *Pusey* v. *Gardner*, 20 W. Va. 470.

Lapse of time not only operates in equity as evidence of assent, acquiescence, and waiver, but as presumptive of the falseness of the demand, when it is not wholly supported by documentary evidence. Under the facts disclosed, the presumption would arise at once that the deed of trust was given to secure the purchase money unpaid on the property. And this is, beyond doubt, true. The only knowledge of the deed to Joseph A. Smith is contained in the deed of trust, and is to the effect that the deed was executed on the 5th of April, 1865. The presumption would then arise, as the deed of trust was for purchase money, if a lien to secure it was not retained in the deed, it was not delivered until the execution of the deed of trust, that they might be recorded at the same time as a part of the same transaction, as it will always be presumed, unless the contrary appears, that the parties contracting acted with a knowledge of and in strict accordance with the law. The deed itself, if produced, might have thrown some light upon the subject, but it is only accounted for as having been mislaid or destroyed at some uncertain time and by some uncertain person. Therefore, it would not be a violent presumption to hold that the property was sold for purchase money, and the widow not entitled to dower therein, in ac-

cordance with the decision of this Court in the case of *Roush* v. *Miller*, 39 W. Va. 638 (20 S. E. 663).

The bar of the statute, as heretofore shown, renders such a determination unnecessary, for which reason alone the decree is reversed and the bill is dismissed.