# CHARLESTON.

MORRIS *et al. v.* ROSEBERRY *et al.*

Submitted January 16, 1899—Decided March 18, 1899.

1. CO-TENANCY—*Purchase of Adverse Title—Laches of Co-Tenant.*
    As a general rule, a joint tenant or tenant in common is not to purchase in an outstanding adverse title to the common property for his own benefit, to the exclusion of his co-tenant. But the co-tenant must within a reasonable time make his election to claim the benefit, and to contribute to the expense incurred in the purchase of such title. If he unreasonably delays until there is a change in the condition of the property or, in the circumstances of the parties, he will be held to have abandoned all benefit arising from the new acquisition. (p. 29).

2. CO-TENANCY—*Purchase of Tax Title—Cloud on Title—Tender.*
    Where a joint tenent or tenant in common has obtained the assignment of the sheriff's certificate of sale and purchase from a party who purchased the land so held in common at the sheriff's sale of delinquent land as such assignee has obtained a deed therefor, and a party claiming to be a joint tenant or tenant in common with the party obtaining such deed seeks by bill in equity to have said deed set aside·as a cloud upon his title, he must tender with his bill a sufficient amount to reimburse the party who so obtained said deed the amount paid for him in redemption of the land, and all subsequent taxes paid by him thereon, with interest. (p. 29).

3. DOWER— *Statute of Limitations.*
    The statutory bar to a widow's remedies for the recovery of her dower is the lapse of ten years from the death of her husband, when her right to sue accrues. (p. 27).

Appeal from Circuit Court, Mason County.

Bill by Mary J. Morris, against Georgia A. Roseberry and others. From the decree rendered, the plaintiff and certain defendants appeal.

*Modified and Affirmed.*

John L. Whitten and George Poffenbarger, for appellants.

Charles E. Hogg, for appellees.

English, Judge :

At the July rules for the circuit court of Mason County, in the year 1893, Mary J. Morris filed her bill of complaint against Georgia A. Roseberry and others, in which she alleged that she was the widow of Peter Roseberry, who died in August, 1873, seised of a valuable tract of land situated in said county, containing one hundred and thirty-nine acres, more or less, and left surviving him the plaintiff and the following named children, his only heirs at law, to-wit, Georgia A. Roseberry, Hernando C. Roseberry, Peter F. Roseberry, and Francis Edward Roseberry; that said Peter F. Roseberry departed this life intestate about the 23rd of May, 1892, leaving surviving him, as his only heirs at law, the plaintiff, his sister, Georgia, and his brothers, Hernando C. and Francis Edward Roseberry; that the said Peter F. Roseberry was at the time of his death the owner in fee of the undivided one-fourth interest in said one hundred and thirty-nine acres, and the plaintiff, as one of his heirs at law, was entitled to have her share set off to her, if the same was susceptible of partition among the parties entitled thereto, but, if not, she desired the same to be sold, and the proceeds distributed among the parties according to their respective interests. The plaintiff further alleged that on December 10, 1883, the sheriff of Mason County sold said real estate for the nonpayment of taxes thereon for the year 1882, charged in the name of Peter Roseberry's heirs, when W. H. Garland became the purchaser for the sum of twenty-three dollars and thirty cents; that shortly after said sale, and before the expiration of the year within which any of the heirs might lawfully redeem said land so sold, to-wit, on the 24th of April, 1884, the defendant Georgia A. Roseberry, one of the heirs, redeemed said real estate so sold; that on December 17, 1887, said Georgia obtained a deed to the whole of said land from the clerk of the county court of Mason County, which deed was obtained by fraudulent assurances and representations made by said Georgia, who is seeking to

defeat and defraud the plaintiff out of all her rights and interest in said real estate; that it was agreed between plaintiff and said Georgia that said real estate should be redeemed for plaintiff's benefit as well as the other heirs of said Peter Roseberry, and she frequently assured plaintiff, before the expiration of the redeemable years as allowed by law for the redemption of lands so sold that she had no intention of applying for a deed to said real estate; that after redeeming said land as aforesaid and making said assurances she with the intention of defrauding plaintiff procured said deed to be made to herself and fraudulently induced said W. H. Garland to join in said deed; that under this deed said Georgia has had possession of the land since the date thereof; that at the time she took possession there was a valuable lot of timber on the land, worth at least three hundred dollars, and that she has been cutting and selling said timber, until not more than fifty dollars worth remains on the land; and that said Georgia executed a deed of trust to J. P. R. B. Smith, trustee, upon three-fourths of the land, to secure to S. W. Somerville the payment of three hundred dollars, which trust, she alleges, is illegal and void, as to plaintiff's interest in the land. And plaintiff prays that said deed to Georgia A. Roseberry be set aside, that said trust deed be set aside, that the dower of plaintiff in said lands be assigned to her, and that partition of the residue be made between the several parties entitled thereto if it can be partitioned and if not that it be sold and the proceeds divided among those entitled to it; and she also prays that said Smith, trustee, and Somerville be enjoined from selling said land under said trust and Georgia Roseberry be enjoined from selling the timber remaining on the land. The defendants Georgia Roseberry and Samuel Somerville interposed a demurrer to plaintiff's bill, which was overruled. They also answered plaintiff's bill, putting in issue the material allegations thereof; the defendant Georgia Roseberry also pleading the statute of limitations. Depositions were taken by both parties, and on the 7th of February, 1896, the cause was heard and plaintiff's bill dismissed; the court holding that the trust debt in the bill mentioned might be properly enforced against the realty

therein embraced.  From this decree said Mary J. Morris, H. C. Roseberry and Francis E. Roseberry obtained this appeal.

Did the circuit court err in not setting aside the tax deed made to the defendant Georgia Roseberry on December 17, 1887?  Now, while it is true that this Court has held in several cases that a purchase of lands at a sale for taxes by the owner, or by one whose duty it is to pay the taxes, merely operates as a payment of the taxes and a redemption of the land for the years for which it was sold, in *State* v. *Eddy*, 41 W. Va. 95, (23 S. E. 529), it was also held that "one who is under any legal or moral obligation to pay taxes on land cannot, by neglecting to pay the same, and allowing the land to be sold in consequence of such neglect, add to or strengthen his title either by purchasing at the sale himself, or suffering a stranger to buy, and then purchasing from him."  While it is true, as we have seen, that said land was purchased at the delinquent sale by W. H. Garland, and that several months afterwards the defendant Georgia Roseberry repaid to Garland the amount paid by him, with 12 per cent. interest added, and that some time afterwards Garland joined with the clerk of the county court in deeding the land to said Georgia, yet there is no evidence that she fraudulently induced Garland to join in the deed.  He received his money and interest by the hands of the clerk, and subsequently joined in the deed.  It appears that Georgia repaid to Garland twenty-four dollars and twenty-five cents in April, 1884, and that she has paid the taxes on the land since that time, although the deed was not made to her until December 17, 1887.  The plaintiff in this case, Mary J. Morris, prays, in her bill filed at the July rules, 1893, that her dower may be assigned to her in the lands of her late husband, Peter Roseberry; but it seems that her husband died in August, 1873,—nearly twenty years before the bill was filed.. .The statute of limitations was pleaded and relied on by the defendant Georgia Roseberry, and under the ruling of this Court in the case of *Smith* v. *Wehrle*, 41 W. Va. 270, (23 S. E. 712), "the statutory bar to a widow's remedies for the recovery of her dower is the lapse of ten years from the death of her husband, when her right to sue accrues."

Such being the case, the plaintiff could not recover the dower claimed in her bill.

Was the plaintiff entitled to the partition she prayed for in her bill? The only interest she held in the land was such as she derived as an heir at law of her son Peter F. Roseberry, who died May 23, 1892, which, if the tax deed was set aside, would entitle her to one-sixteenth. The age of said Peter F., at the time of his death does not exactly appear, but he was between his brother Hernando, who was twenty-five on March 7, 1893, and Francis E., who was twenty-one on the 4th of June, 1893, so that said Peter must have been about twenty-two years of age at the time of his death; yet he does not appear to have taken any steps after he arrived at the age of twenty-one to set aside said tax deed, and, for aught that appears in the record, he may have been satisfied to allow it to stand. So far as appears he acquiesced in the conveyance by the tax deed to his sister, and, if he thus in his lifetime waived his right to assail said tax deed, his heirs at law could not assail such right successfully. Our statute (Code, c. 31, s. 30) provides that: "Any infant, married woman or insane person, whose real estate may have been so sold during such disability, may redeem the same by paying to the purchaser, his heirs or assigns, within one year after the removal of the disability, the amount for which the same was sold, with the necessary charges incurred by the purchaser, his heirs or assigns, in obtaining the title under the sale, and such additional taxes on the estate as may have been paid by the purchaser, his heirs or assigns, and interest on the said items at the rate of six per centum per annum from the time the same were paid. If any such person own an undivided interest in the real estate so sold, he may redeem such interest in like manner, and within the same time, by paying such proportion of the purchase money, charges, taxes and interest, as his interest in the premises is to the whole tract or part sold; but he shall not have the right to redeem more than his own undivided interest." If a party would avail himself of the benefits of this statute, he must do so within a reasonable time. In the case of *Buchanan* v. *King's Heirs*, 22 Grat. 414, fourth point of syllabus, we find it held that: "As a general rule a joint

tenant or tenant in common is not to purchase in an outstanding adverse title to the common property for his own benefit, to the exclusion of his co-tenant. But the co-tenant must within a reasonable time make his election to claim the benefit, and to contribute to the expense incurred in the purchase of such title. If he unreasonably delays until there is a change in the condition of the property or in the circumstances of the parties, he will be held to have abandoned all benefit arising from the new acquisition." In the case we are considering, more than nine years elapsed between the date on which Georiga Roseberry became the owner of the interest acquired by said Garland in said land and the date of the institution of this suit, and when the suit was brought no tender or offer was made to reimburse Georgia for any portion of the amount paid by her to Garland in purchasing his rights acquired at the tax sale. In order to sustain such a bill, it is necessary that the plaintiff should offer to pay to the holder of the certificate of purchase a sufficient amount to reimburse him for the amount expended, and all subsequent taxes paid by him, with interest. It is held in the case of *Miller* v. *Cook*, 135 Ill. 191, (25 N. E. 761), that: "One who comes into a court of equity to have a tax sale set aside as a cloud upon his title must tender or offer to pay to the holder of the certificate of purchase the amount of the lawful and valid taxes embraced in the judgment, and all subsequent taxes paid by him, with six per cent. interest thereon." 2 Desty, Tax'n, p. 901, under the head of "Averting Cloud on Title," says, "Equity will generally require a tender of the taxes due, as a condition precedent to its entertaining jurisdiction;" citing numerous authorities. In *Prichard* v. *Madren*, 24 Kan. 486, the law is thus stated: "Where lands were sold for taxes due thereon, a condition precedent to the right of action is payment or tender of the taxes due and paid by the holder of the tax deed." Again, it is held in *Herzog* v. *Gregg*, 23 Kan. 726, that "the action lies against the holder of a defective tax deed upon proof of tender of the amount of the legal taxes and charges." See also, *Knox* v. *Dunn*, 22 Kan. 683; *Lancaster* v. *Du Hodway*, 97 Ind. 565. Again, in the case of *Gage* v. *Pumpelly*, 115 U. S. 454, (6 Sup. Ct. 136), it was held that: "In a pro-

ceeding in equity in a court of the United States to set aside a tax sale in Illinois as illegal, the claimant should offer to reimburse to the purchaser all taxes paid by him, —both those for which the property might have been legally sold, and those paid after the sale.." Other authorities might be cited, showing the necessity of tendering the amount of taxes paid by the party acquiring a tax deed, with the accrued interest, before a bill could be sustained seeking to set aside the deed; but these are regarded as sufficient.

Now, in addition to the unreasonable delay of the appellants in making their election to claim the benefit of the purchase from Garland of this land, the evidence shows that a deed of trust was executed upon the property by Georgia Roseberry in order to borrow three hundred dollars from the defendant Samuel Somerville. At the time this trust was executed, it appears from the testimony of Col. Smith, clerk of the county court, Hernando C. Roseberry came with Georgia Rosberry when she came to borrow the money from Somerville, and heard the conversation between his sister, Georgia, and Smith, in reference to the loan of money, and, while he took no part in the conversation, he seemed perfectly willing, and knew all about the transaction talked over in his presence, although said Hernando denies being present on that occasion. Col. Smith appears to be a disinterested witness, and Georgia Roseberry, in her deposition, swears that her brother Hernando came to Point Pleasant in her company on May 24, 1892, and consulted Col. Gibbons and Col. Smith fully in regard to the matter, and that all was planned and arranged, except the signing of the trust deed, which took place next day, the 25th of May. She says this loan was obtained on account of need of money caused by the sickness and death of her brother Peter F. Roseberry, and at the time she turned over seventy dollars of the sum to her brother Hernando C. to settle the expenses of her brother Peter's death, which was caused by smallpox; that the entire sum of three hundred dollars was spent in caring for the family and furnishing medical assistance while they were suffering from the smallpox. It further appears from Col. Smith's testimony that between the time when

the tax receipt was assigned to Georgia and the time when the deed was made to her, on December 17, 1887, more than four years elapsed, and during that time he remembers hearing the plaintiff, Mary J. Morris, express herself on one or more occasions as wanting this land deeded to Georgia, as she thought she was entitled to it. The plaintiff then not only induced Georgia to take the deed for this land in her own name, but after consulting the other members of the family, after allowing her to hold the deed for nearly ten years, and after the deed of trust had been executed at her instance, and the rights of Somerville had intervened by reason of his trust lien innocently acquired by reason of said Georgia appearing on the record as the owner, said Mary J. Morris brings her suit in 1893 to cancel the deed of trust executed to secure said loan; and we hold the delay was too great. Even if she had rights which at one time she could have successfully asserted, a court of equity will not allow her to have dower assigned in said land; nor will it, in the circumstances, allow her, as the heir at law of her infant son, to have partition of the same.

Having determined that the plaintiff, Mary J. Morris, is barred of her dower in this land, she is still before the court, claiming, as the heir of her deceased son, to be entilted to one-sixteenth of the land. As we have seen, the son lived for about one year after attaining the age of twenty-one years, and, so far as appears, acquiesced in allowing his sister, Georgia, to retain the title, or, at any rate, died without asserting an adverse claim. After his death, the plaintiff makes no offer to reimburse Georgia for her outlay in obtaining said deed, either before, at the time of, or after the institution of this suit, but prays that the tax deed be canceled and the land partitioned. Hernando C., in his answer, by way of affirmative relief, after standing by and quietly allowing her, as the owner, to execute a deed of trust upon three-fourths of the land as the owner of same, prays also that the deed of trust may be canceled and the tax deed set aside, although he received a large portion of the proceeds of the loan. These circumstances would stop both the plaintiff and Hernando C. from asserting title to the land.

For these reasons my conclusion is that the circuit court

committed no error in dismissing plaintiff's bill, but such dismissal should have been without prejudice to any proper suit any of the parties might see proper to institute; and the decree complained of, so modified, is affirmed.

*Modified and Affirmed.*