Carr, J.
The first and principal question arising on this special verdict is, whether under the deed from Gilliam to Moore, a title to the land vested in Moore, whereof his wife was dowable ? I am clearly of opinion, that she was not dowable. It was objected, that the verdict has not found, that the deeds were executed at the same time, and as parts of the same transaction, and that, this being a special verdict, we cannot draw this inference; but to my mind the finding is abundant to justify, and indeed to compel, the conclusion, that the two instruments were parts of one and the same transaction, and that the seizin of Moore was that instantaneous seizin, spoken of in the books, where the land was merely in transitu, and never vested in the husband. The deeds bear the same date; they are between the same parties; relative to the same subject matter. The vendor conveys the land, for so much money; the vendee reconveys it to secure that money. It is impossible to doubt for a moment, the meaning, connection and (I may say) unity, of the transaction. We have no reported case in our own books directly in point j and this, no doubt, has resulted from the general impression of the bar, that no such right existed in the widow; for the case must have happened a thousand times. The english books, however, all lay down the position that a transitory seizin in the husband for an instant, does not entitle the wife to dower, and the point has been decided in the same way, in Massachusetts and New York. A different decision at this day, would be exceedingly mischievous, and open an inexhaustible source of litigation. With respect to the objection taken on the ground *33 of uncertainty, it seems to have been founded in misappretension of the meaning of the declaration. I think the judgement ought to be reversed, and judgement entered for the plaintiff on the special verdict.
Cabell, J. I am of the same opinion. The jury having found that the deed by which Moore acquired title to the land, and also that by which he conveyed it in trust to secure the payment of the purchase money, were both executed on the same day, J am of opinion, that both deeds must, in the absence of proof to the contrary, be regarded as having been executed at the same time, and to have constituted parts of one and the same transaction; and consequently, that Mrs. Moore is not entitled to dower.
Tucker, P. I have no doubt that the description of the land demanded by the declaration is sufficiently certain, and that no part of what is demanded, lies beyond the county line of Goochland, and so out of the jurisdiction of the circuit court.
Nor have I any doubt as to the operation of the deed from the trustee to Gilliam. That deed was executed shortly before Moore's death. It is found, that Moore was in possession at his death, and that the widow was in possession at the time of the verdict; but no adverse possession is found. This will never be presumed against the true owner, but the law will rather presume, unless the contrary is proved, that the party who has possession holds it for the owner. And this is done not only to uphold his right, but because the law will always presume that the acts of the party are rightful rather than wrongful. If in this case (as we think) the widow has no title to dower, and if her possession is adverse, then she is a trespasser or disseizor. This the court cannot presume. The jury must find it, and hence the rule that adverse possession must always be expressly found, or such facts as amount to it incontestibly.
*34 The real question, in this case, is as to the right of dower. • The authorities cited by the counsel for the plaintiff in error, leave no doubt that where the vendor passes the title to the vendee, and at the same time takes a mortgage or deed of trust for the security of the purchase money, in which the wife of the vendee does not join, she will nevertheless take her dower in the estate subject to the trust or mortgage. In such case, the husband is seized but for an instant, and not beneficially for his own use; the deed of conveyance, and the mortgage or deed of trust, are to be considered, like the levy of a fine, as parts of the same transaction and of the same contract; as taking effect at the same instant, and as constituting but one act. If both contracts were contained in the same instrument, there could be no doubt; and it is the same thing though they are contained in different instruments, provided they are parts of the same contract, and make together but one transaction. That they are parts of the same transaction, must be presumed where they are executed at the same time; and, moreover, as they cannot be absolutely isochronous, as there must be some interval, however small, the court ought always to take the same day to mean the same time, unless the contrary be found,—unless it be found, that the acts were separate, distinct and independent.
Judgement reversed, and judgement entered for the plaintiff.