## Staunton.

### COFFMAN v. COFFMAN.

#### October 6, 1884.

1. DEEDS—*Trusts—Parol Evidence.*—A conveyance of land on its face absolute, may be shown by parol evidence to have been made on condition that the grantee should pay the grantor's debts. *Bank of U. S.* v. *Carrington*, 7 Leigh, 566; *Gold* v. *Marshall*, 76 Va. 668.

2. DOWER—*Instantaneous Seizin.*—Where land is conveyed on condition that grantee shall pay grantor's debts, and by deed executed later on the same day, that grantee conveys the land to secure payment of money loaned him to. pay his grantor's debts, that grantee's widow is entitled to dower in the land *not until* the said debts are paid, though she did not join in the trust deed. *Gilliam* v. *Moore*, 4 Leigh, 32; *Robinson* v. *Shacklett*, 29 Gratt. 99.

Appeal from decree of circuit court of Rockingham county, rendered January 13th, 1880, in the cause of Jonathan Shafer and others against David Coffman's representatives. This is the sequel to *Coffman's Executors & als.* v. *Shafer & al.*, 29 Gratt. 173. Joseph Coffman, in 1844, conveyed his land to David Coffman by deed absolute on its face. Later on the same day, David conveyed the same land to Allen C. Bryant, trustee, to secure payment of $5,000, which Jonathan Shafer that day loaned to David. It was proved by parol that the land had been conveyed by Joseph to David on condition that the latter should pay the former's debts, and that the $5,000 was borrowed to enable him to do so. When this cause was remanded in 1877 by this court to the circuit court, Josephine, widow of David Coffman, filed her petition for assignment of her dower in the

said land, or for its commuted value. The circuit court assigned her the value of her dower in *the excess* of the proceeds of the sale of the land over the amount necessary to pay the Shafer debt, but refused to assign her dower in the entire proceeds of said land, and Josephine Coffman appealed. Opinion states the remaining facts.

*F. S. Blair, J. H. McCue,* for the appellant.

*Sheffey & Bumgardner,* for the appellees.

LACY, J., delivered the opinion of the court:

On the 19th day of August, 1844, Joseph Coffman conveyed to David Coffman, his son, two tracts of land lying in the said county of Rockingham. On the same day, *after the said conveyance,* the said David conveyed the same land to Bryant, trustee, in trust to secure the payment of a bond for $5,000, executed the same day to Jonathan Shafer by the said David.

David Coffman was placed in possession of the land and continued in the possession of the same to the time of his death in 1862, and after his death his widow, Josephine, who is the appellant here, continued to occupy the same.

In 1867, Jonathan Shafer filed his bill in the said circuit court, alleging that after the execution of the deed from Joseph to David, which deed had been executed in consequence of an arrangement and understanding between said David and Joseph that David should pay the debts of his father, Joseph, and devote the purchase money of said land to that purpose, the said David borrowed of him, Shafer, the said sum of $5,000, which was used to pay the debts of Joseph; making the appellant and others parties, and praying a sale of the land to pay the debt due him.

·The appellant answered, as did the other defendants, and the appellant insisted on her right of dower in that case.

Finally, Shafer prevailed, and a sale was decreed of the land, subject to the dower of the widow of Joseph, but not subject to the claim of dower of the widow of David, and that decree was affirmed by this court upon appeal.

The land sold for $15,776.67½, more than enough to pay the Shafer debt. This cause was referred to a commissioner to ascertain and report how the surplus should be distributed, and the sale was confirmed, upon the coming in of the report of the commissioner to whom the cause had been referred for report as to the proper disposition of the surplus.

At the January term, 1880, the court decided that the appellant, the widow of David, was entitled to receive her dower out of the surplus of the fund only, and not out of the whole fund, and she having consented to have her dower commuted (claiming that she was entitled to have it commuted out of the whole proceeds of the land), the said dower was commuted by the court out of the surplus only, and she was decreed the sum of $1,045.05. Whereupon the said widow applied for an appeal, which was allowed by one of the judges of this court.

The appellant alleges that the said David, her husband, was actually and beneficially seized of the whole land by virtue of the absolute and unconditional deed from Joseph of the 19th of August, 1844. That no parol declaration of trust could be engrafted on it in the absence of fraud, and that no fraud is charged. The case of *Coffman* v. *Shafer* was decided by this court upon appeal in 1877 and is reported in 29th Gratt. 173. In that case the decree of the circuit court was affirmed and subsequently a sale of the land was ordered subject to the dower of the widow of Joseph Coffman, and a reference to a commissioner to ascertain and report the value of the dower of appellant, the widow of David.

It is proved in this cause that Joseph conveyed his land to his son, David, upon the agreed consideration that the said David should pay the debts of his father, Joseph, and that the money borrowed from Shafer was used for that purpose. The

deed, however, does not contain such a provision, but is an absolute deed containing an acknowledgment of the payment of the purchase price. But it is established by parol that the money was not actually paid, but that David took the deed upon a condition that he should pay his father's debts, of which this Shafer debt was the representative. The transaction out of which a trust results may be·proved by parol. And a party setting up a resulting trust may prove by parol the agreement under which the estate was purchased, and he may prove by parol the actual payment of the purchase money by himself, or in his behalf, although a deed states it to have been paid by the grantee in the conveyance. The facts must of course be distinctly proved. For this purpose all competent evidence is admissible, and even circumstantial evidence, as that the means of the nominal purchase were so limited that it was impossible for him to pay the purchase money. And the use of such evidence is not prevented by the death of the grantor.

In the case of *Dyer* v. *Dyer*, 2 Cox C. C. 91, it is said as to the English law: "The clear result of all the cases without a single exception is, that the trust of a legal estate results to a man who advances the purchase money." And in the case of *Bank of U. S.* v. *Carrington*, 7 Leigh, 566, it is held that this may be proved by parol both in England and this country, and especially here, where it is not required that all declarations and creations of trust and confidences of any lands, &c., shall be manifested and proved by some writing signed by the party, as by the English statute.

In *Boyd* v. *McLean & Wife*, 1 John. Ch. R., it was held, after an elaborate review of the decided cases, that this parol evidence is admissible not only against the face of the deed itself, but in opposition to the answer of the trustee denying the trust, and that after the death of the nominal purchaser.

The deeds in this case are both admitted to have been executed and recorded the same day, and it is proved that the consideration on the part of the purchaser was an understanding that he

should pay the vendor's debts, and that the proceeds of the trust deed were used in execution of this common agreement. But the defence of the appellant is that the deed of bargain and sale was admitted to record first, and the proof is that this deed of bargain and sale was admitted to record, and that afterwards, in execution of the common agreement, the trust deed was afterwards admitted to record the same day, and the benefit of an instantaneous seizure in the vendee is claimed, and that, though momentary only, it was sufficient to vest the dower rights of the appellant.

In the case of *Gilliam* v. *Moore*, 4 Leigh, 34, Judge Tucker said: "The real question in this case is as to the right of dower. The authorities cited by the counsel leave no doubt that when the vendor passes the title to the vendee, and at the same time takes a mortgage or deed of trust for the security of the purchase money, in which the wife of the vendee does not join, she will, nevertheless, take her dower in the estate subject to the trust or mortgage. In such case the husband is seized but for an instant, and not beneficially for his own use. The deed of conveyance and the mortgage or deed of trust, are to be considered like the levy of a fine, as parts of the same transaction and of the same contract, as taking effect at the same instant, and as constituting but one act. If both contracts were contained in the same instrument there could be no doubt; and it is the same thing, though they are contained in different instruments, provided they are parts of the same contract, and make together but one transaction. That they are parts of the same transaction must be presumed, when they are executed at the same time ; and, moreover, as they cannot be absolutely isochronous, as there must be some interval, however small, the court ought always to take the same day to mean the same time, unless the contrary be proved, unless it be found that the acts were separate, distinct and independent." See also *Wheatley* v. *Calhoun*, 12 Leigh, 264; *Wilson* v. *Davisson*, 2 Rob. 384; *Summers* v. *Darne*, 31 Gratt. 791; *Anderson* v. *Cowardin*, 78 Va. 88. It is

the character of the husband's seizure, and not its declaration, upon which the question of the right of the wife to dower will depend. If the husband is beneficially seized she will be entitled to dower, if not, she will take her dower subject to the contract under which he holds it.

In this case the seizure of the husband is dependent upon the payment by him of the debt secured by the trust deed to Bryant, trustee, for the benefit of Shafer, and the appellant, the wife of the vendee in this case, takes her dower subject to the debt secured by the said trust deed, and the circuit court properly so decided; and the decree of the said circuit court must be affirmed.

DECREE AFFIRMED.