# Richmond.

## HURST v. DULANEY.

### February 12th, 1891.

1. DOWER—*Conveyance—Trust deed—Assignee.*—Conveyance of land to buyer and trust deed by him to secure price, executed same day, are deemed one in equity, and wife of buyer is not entitled to dower in the land, the seisin of the husband being only for an instant. The principle applies equally where the trust deed is for the benefit of an assignee.
2. IDEM—*Surplus—Liability of buyer.*—Wife is entitled to dower in the surplus arising from the sale of the land, but the purchaser is not bound to see to the application of the purchase-money.

Appeal from decree of the circuit court of Northumberland county, rendered April 1st, 1889, in a cause wherein the appellant, Athalia Hurst, widow of James Hurst, deceased, was complainant, and R. H. Dulaney was defendant. Opinion states the case.

*Thomas Ball* and *R. T. L. Beale*, for the appellant.

*W. A. Jones* and *R. Taylor Scott*, for the appellee.

LEWIS, P., delivered the opinion of the court.

The principal question in the case is whether the appellant, who is the widow of James Hurst, deceased, is entitled to dower in the tract of land, known as "Bluff Point," in the bill and proceedings mentioned. The facts are these:

On the 1st day of January, 1861, the land was sold and conveyed by James L. Haynie to Hurst, who, on the same day, executed a deed of trust thereon to secure the unpaid purchase-money to William H. Haynie, the assignee of the vendor. In 1872, Hurst was adjudged a bankrupt, and in the course of the bankruptcy proceedings, the land was sold at public auction to the said William H. Haynie. The substituted trustee in the deed of trust united in this sale, and also united with assignees in bankruptcy in conveying the land to the purchaser. This was in 1873, and in the life-time of Hurst. The land brought $450 in excess of the debt secured by the deed of trust, which was paid by the purchaser to the assignees in bankruptcy. The sale was duly reported to the bankrupt court, and confirmed. In 1875, Haynie, the purchaser, and others, who claimed an interest in the fund, conveyed the land to Dulaney, the defendant below, who remained in undisturbed possession thereof until the commencement of this suit, about twelve years afterwards, Hurst in the meantime having died.

From this statement it is very clear, as the circuit court held, that the claim to dower in the land cannot be sustained. The deed of January 1, 1861, from Haynie to Hurst, and the deed of trust executed on the same day, are considered in equity, not as separate and distinct transactions, but as part of the same contract; so that the seisin of the husband was for a transitory instant only, and of such a seisin, according to an ancient principle of the common law, the wife is not entitled to dower. This principle has so often been recognized by this court, that it would be a waste of time to do more than merely cite the cases, and they are *Gilliam* v. *Moore*, 4 Leigh, 30; *Wheatley's Heirs* v. *Calhoun*, 12 Id., 264; *Wilson* v. *Davisson*, 2 Rob., 384; *Robinson* v. *Shacklett*, 29 Gratt., 99; *Summers* v. *Darne*, 31 Id., 791; *Coffman* v. *Coffman*, 79 Va., 504.

These cases also establish the proposition that if both instruments are executed on the same day, the presumption is they

were executed at the same time, and are parts of the same transaction, unless the contrary be shown—unless it be proved that they were separate and independent acts.

Nor is the present case affected by the fact that the deed of trust was for the benefit of an assignee. The deed was given to secure the unpaid purchase-money for the land, and that is sufficient. The principle above stated has often been held to apply in favor of a third person who advances the purchase-money, and at the time of the conveyance takes a mortgage on the land for his indemnity, and it equally applies to a case like the present. *Cowardin* v. *Anderson*, 78 Va., 88.

Thus far, then, the decree appealed from is right. But the court went on to decree, not only that the appellant is entitled to dower in the surplus arising from the sale of the land, but that the defendant is liable accordingly; that is, that he must pay to the appellant the sum of nine dollars per annum during her natural life, which is the annual interest at six per cent. on one-third of the surplus. This was erroneous. The statute, now carried into section 2269 of the Code, although it provides that the widow in such a case shall be entitled to dower in the surplus, does not make the land, in the hands of a *bona fide* purchaser at a judicial sale thereof, liable for her claim, nor is he bound to see to the application of the purchase-money. In other words, she must look to the surplus, and not to the purchaser who has paid it. *Robinson* v. *Shacklett, supra.*

The decree must, therefore, be reversed, and the bill dismissed.

DECREE REVERSED AND BILL DISMISSED.