Holt, Judge :
The question involved is: Is plaintiff, Mrs. Mina E. Roush, widow of Peter E. Roush, deceased, entitled to dower in the ti-act of land of fifty seven acres bought by Roush at a judicial sale and conveyed to him by H. R. Howard, special commissioner? The Circuit Court of Mason by décree entered on the 20th day of February, 1894, held her to be entitled to dower and ordered it to be set apart to her, and from this defendant Miller obtained this appeal.
The facts out of which the point of law involved must arise are as follows: On the 13th day of October, 1888, II. R. Howard, as special commissioner, acting in pursuance of a decree sold the tract of fifty seven acres to Peter E. Roush for the price of one thousand and thirty six dollars of which sum he paid in cash two hundred and fifty nine dollars. This sum he borrowed from defendant C. C. Miller giving his note therefor with his father, A. J. Roush, as surety. But no question is involved as to this; it is only mentioned as one of the circumstances of the transaction. For the residue Roush, the purchaser, executed to Howard, the commissioner, his three several bonds for two hundred and fifty nine dollars each payable in one, two and three years with interest from date. By decree entered on the 23d day of October, 1894, the sale was confirmed, and Roush was put into and retained actual possession, and *640 Howard was appointed a commissioner to make him a deed on payment of the unpaid purchase-money. When Roush applied to defendant Miller in September, 1888, to borrow two hundred and fifty nine dollars, the cash payment, he asked defendant Miller to take a deed of trust on the land for the entire amount which he expected to bid, as the proceeds of sale to the extent of something over one thousand four hundred dollars was going to Miller, as the sum decreed him. This Mr. Miller declined to do, but he afterwards agreed, if Roush would give him a note with Albert J.„ Roush, his father, as surety for two hundred and fifty nine dollars, that ho would take a trust-deed on the laud for the balance of the purchase-money, provided he did not bid beyond the value of the land. On the 22d day of December, 1888, the principal and interest on the Roush notes amounted to seven hundred and eighty six dollars-and six cents, and on that day Miller gave Commissioner Howard a receipt for that amount of the sum decreed to be paid to him out of the proceeds of sale. In consideration thereof Commissioner Howard gave up to Roush his purchase-money notes as paid and made him a deed for the land; and Roush in consideration of-what Miller thus settled for him, executed to Miller his note for the same, and with his wife, the present plaintiff, executed a deed of trust to Rankin Wiley, trustee, on the fifty seven acres, to secure the payment of the note given by Roush to defendant Miller. This was all done on one and the same day without any money passing between any of the parties. But the wife, Mina E. Roush, being but nineteen years old at the time, it is conceded, that her joining in the execution of the deed of trust had no .efficacy, as the case stands, in barring any right of dower she might have had. Peter E. Roush died on the 14th day of September, 1893, intestate, leaving his wife, Mina E., the plaintiff, and one child, his infant daughter, Bertha G. Roush. In October, 1893, Mina E. Roush instituted this suit claiming dower in the tract of land of fifty seven acres praying that dower be assigned to her. Defendant Miller demurred to and answered the bill, but the court overruled the demurrer and being of opinion that plaintiff was entitled to dower, *641 appointed three commissioners to set apart and assign the same to her; and defendant Miller appealed.
The demurrer was properly overruled; for neither the common-law remedy retained nor the summary remedy by motion given by statute shall bo construed to take away or affect the well-established jurisdiction, which courts of chancery have long exercised over the subject of dower (see section 8, c. 65, of the Code) ; and Rankin Wiley, as the trustee invested with the legal title, and defendant Miller, the beneficiary claiming his trust-deed to be paramount to her claim of dower were both proper parties.
The only remaining question is: Was the court right in holding her entitled to dower ? The authorities, as far as they have been brought to our attention, and we have been able to examine them, seem to be all one way holding with one accord, that a conveyance of land to the husband, who, at the time he receives his deed, executes a deed of trust to secure the unpaid purchase-money, does not give the husband such a seisin in the land as will entitle his wife to dower.
The statute says: “A widow shall be endowed of one third of ail the real estate whereof her husband or any oth- or to his use was, at any time during the coverture, seized of an estate of inheritance, unless her right to'such dower shall have been lawfully barred or relinquished.” Code, e. 65, s. 1. And this has been our statute-law since 1705. See 1 Rev. Code, 1819, p. 403, note a. But it has always been held, that, where the land is conveyed to the husband, and ho by deed of the same date conveys the land to a trustee in trust to secure the purchase-money, the two conveyances are parts of one and the same transaction, and the seisin of the husband being instantaneous and transitory, the widow to that extent is not entitled to dower. Gilliam v. Moore (1832) 4 Leigh, 30 (24 Am. D. 704). It has become a rale of property, and “a different decision a.t this day would be exceedingly mischievous, and open an inexhaustible source of litigation.” Carr, Judge, Id. 32. See McCauley v. Grimes, (1830) 2 Gill. & J. 318 (20 Am. D. 434); Wheatley v. Calhoun (1841) 12 Leigh, 264 (37 Am. D. 654), and Wilson v. Davisson, 2 Rob. (Va.) 384, where it was *642 held that the vendor’s lien for unpaid purchase-money is paramount to the wife’s right of dower, although the husband has the legal seisin ; and, by section 3 of chapter 65, the law giving her dower in the surplus after satisfying the lien is made to conform to the dissenting opinion of Judge Allen. Robinson v. Shacklett (1877) 29 Gratt. 99; Summers v. Darne (1879) 31 Gratt. 791; Holbrook v. Finney, 4 Mass. 566; Clark v. Munroe (1817) 14 Mass. 351. Dower must give way to the vendor’s lien. Sinnett v. Cralle, 4 W.Va. 600; Hunter v. Hunter, 10 W. Va. 321; Holden v. Boggess, 20 W. Va. 63; Martin v. Smith, 25 W. Va. 580; and the lien remains as long as the legal title is retained. Findley v. Armstrong, 23 W. Va. 113; Poe v. Paxton's Heirs, 26 W. Va. 607.
In Cowardin v. Anderson (1883) 78 Va. 88, it was held that the doctrine of treating the deed of conveyance and the trust as constituting one and the same transaction, and therefore the seisin acquired as transitory applies equally in favor of the third person who advances the purchase-money and at the time of the conveyance takes a mortgage on the land as his indemnity; and, although not a case involving the right of dower, I sec no reason why the same principle should not be applied in such cases. See Coffman v. Coffman (1884) 79 Va. 504.
In Hurst v. Dulaney (1891) 87 Va. 444, the principle was held in a case involving the right of dower to apply for the benefit of an assignee of the purchase-money; and I see no reason why it should not be applied to one, who as in this case is an assignee — in substance, a quasi assignee — as well as an assignee in the proper sense; and this view was taken in Kaiser v. Lembeck (1880) 55 Ia. 244 (7 N. W. Rep. 519) not in a case, however, involving the right of dower.
So in Curtis v. Root (1868) 20 Ill. 53, 57, the same doctrine had been laid down in favor of one taking a mort-" gage for the money advanced by him to pay the purchase-money. Moring v. Dickerson (1881) 85 N. C. 466.
In Welch v. Buckins (1859) 9 Ohio St. 331, the rule was held to apply, whether the mortgagee (as defendant Miller was in this case) conveys the land to the mortgageor (as Roush was in this case) conveys the land himself or pro *643 cures one wbo can convey tlie legal title to do so, as was done by Howard, commissioner, in this case at the instance of Miller. The fact of such cross-conveyances was held not to affect the case; for the substance, not the form merely of the transaction is to be regarded. This was like the case hero.a case of dower; but by virtue of the statute in Ohio and Maryland it has been held, that a third person, who advanced the money to enable thepur-chaser to buy, is no party to the transaction. He, who thus advances the money, is not privy to the sale. See Stansell v. Roberts (1844) 13 Ohio 149, 157, and Heuisler v. Nickum (1873) 38 Md. 270. With us there is no statute to negative by implication the application of the doctrine to such a case as the one in hand, where the two deeds are made at the same time as dependent parts of one and the same transaction, by which in pursuance of agreement defendant Miller turns the lien paramount to dower held by the court for him into one of like dignity held by himself. Such is the intent of the parties, which the law imputes, drawn from the nature of the transaction.
Therefore, considering that the original lien in this case was held for the beneiit of defendant Miller confessedly paramount to plaintiff’s right of dower, and that by the agreement of the parties the legal seisin was to be and was in Roush only in transitu on its way to Wiley, the trustee, to be held by him for the purpose of securing the identical money by a private instrument under the more complete and effectual control of the parties, it would be a harsh construction of the law to hold such agreement abortive and ineffectual to accomplish the lawful purpose plainly intended (see Childers v. Smith [1820] Gilmer, 196, 200); for it is but another mode of expresslyreserving on the face of the two conveyances, treated as one, a lien on the land for the payment of the unpaid purchase-mouey.
With this view of the case, we are of opinion, that the decree complained of is erroneous, and that plaintiff is only entitled to dower in the surplus after the deed of trust is satisfied. Reversed and remanded.